Gormley *vs.* Laramore.

M. GORMLEY, plaintiff in error, *vs.* JOHN L. LARAMORE, defendant in error.

A motion to set aside a verdict, on the ground that one of the jurors was not upon the list required by law to be filed by the commissioners to revise the jury box, is an objection *propter defectum*, and arises too late after the verdict, though the movant did not know the fact alleged until after the verdict.

Arrest of Judgment. Objections to Juror. *Laches.* Before Judge HARRELL. Randolph Superior Court. May Term, 1869.

Laramore sued Gormley upon his promissory note for $2,323 33, due 1st January, 1860; Gormley pleaded a tender of property and refusal of it, (under the Relief Act); the jury found for the plaintiff for $1,500 00. Gormley's counsel moved to set aside the verdict, because one of the jury who rendered the verdict was one whose name was never in the jury-box. Gormly made affidavit that he did not know this till the verdict had been rendered. The list of jurors being produced, showed that said juror's name was not on it, but the Court refused to set aside the verdict. That is assigned as error.

L. S. CHASTAIN, E. L. DOUGLASS, for plaintiff in error, cited 2d clause of 13th section, 5th Article, of the Constitution of Georgia, and the Act of 1869, prescribing the manner of drawing juries.

A. HOOD, for defendant, said names of *tales* jurors need not be in the jury-box: Act 1868, page 141, sec. 8; 17th Ga. R., 497; this is an objection *propter defectum*, and must be before trial: 19th Ga., 614, 628; ignorance of the want of qualification is *laches:* Georgia Laws, page 142, section 11.

McCAY, J.

Jurors are disqualified for two classes of reasons: *propter affectum*, as when they are unfit to sit by reason of some affirmative fault, as interest, bias, infancy, etc.; and *propter defectum*,

as when they are wanting in some qualification required by law, as residence, age, etc. The objection here is, that the juror's name was not on the jury list as made out by the commissioners, under the Act of 1869. Clearly this is a disqualification *propter defectum*. It is the *want* of a qualification prescribed by law. It does not appear but that the man is just as good a juryman for the party objecting as any other. This Court held in *19th Georgia*, 614, 628, that objections to jurymen *propter defectum* must be made before trial. We see no reason to change the rule there laid down. If parties desire to have their cases tried by such jurymen only as are on the list, they must make the objection before the country has put itself to the trouble to try the case.

The fact that the party objecting was not informed of the want of qualification of the juryman does not help the case. With proper diligence he could have been informed. The list is on file, subject to the inspection of all, and it is his own want of diligence that kept him in the dark.

Judgment affirmed.