S94A0354. HUGHES et al. v. COBB COUNTY et al.
(441 SE2d 406)

FLETCHER, Justice.

In September 1988, appellee C. V. Nalley III purchased a 12.196-

---

acre tract in Cobb County. Located on that tract is a 0.196-acre cemetery that contains approximately 52 grave sites, 11 with inscriptions. In January 1992, Nalley applied for a permit to remove and relocate the cemetery pursuant to OCGA § 36-72-5 and Chapter 3-8.5 of the Code of Cobb County. Pursuant to OCGA §§ 36-72-5 (4) and 36-72-6, Nalley identified and notified the descendants of those buried in the cemetery, the appellants here, who have since opposed Nalley's permit application.

Nalley's application was first reviewed by the Cobb County Cemetery Preservation Commission[1] which, after a public hearing, submitted a report recommending that the application be denied. The application was then reviewed by the Cobb County Board of Commissioners, which also held a public hearing. At this hearing Nalley modified the plan by proposing a second possible site for the relocated cemetery. Nalley claims that this alternative site was proposed in response to reservations expressed by the Cemetery Preservation Commission. The Cobb County Board of Commissioners approved the modified plan presented by Nalley and granted a permit.

In response to the Cobb County Board of Commissioners' action, the descendants filed an appeal (naming Cobb County and Nalley as parties) in Cobb County Superior Court pursuant to OCGA § 36-72-11. The superior court judge conducted an evidentiary hearing of the descendants' de novo appeal and found that the cemetery is a "family/neighborhood" cemetery, that Nalley is the title owner of the property and that Nalley's application met the mitigation and notice requirements of OCGA § 36-72-5 (4) and (5). The court further held that it was appropriate to move the cemetery and that relocation would preserve rather than destroy the cemetery's cultural and historical significance to Cobb County.

1. The descendants argue that the court erred when it found that the cemetery was a family/neighborhood cemetery and that Nalley held title to the cemetery. The law recognizes two kinds of cemeteries, public and private. A public cemetery is one which has been "dedicated"[2] to the community at large. In contrast, a private cemetery is one where the land has been used for burial by the landowner, or with the landowner's permission, and use has been restricted by the landowner to relatives or some other portion of the public (e.g., neighbors and friends) but not the community at large. See generally 75 ALR2d 591, 592, § 1 (1961).

---

[1] This commission was empowered by the Cobb County governing authority to hear and review applications and make written recommendations to the governing authority. See OCGA § 36-72-9.

[2] When used in this sense, "dedicated" is a term of art which describes the act of setting apart land for public use. See *Hutchinson v. Clark*, 169 Ga. 511 (150 SE 905) (1929).

In Georgia, an owner of land who dedicates that land to public use is prohibited from afterwards appropriating the land to private purposes if exercise of those private rights would materially affect the accommodation of the public rights in the property. OCGA § 44-5-230. Under OCGA § 36-72-5 an applicant for a permit to move a cemetery must submit evidence of ownership of the land in the form of a title opinion. Nalley presented such an opinion. The descendants argue that the attorney who provided the title opinion did not consider whether the original owner had made a dedication and further argue that their evidence of dedication is so overwhelming that the trial court erred in ruling that no dedication occurred.[3]

The court conducted a de novo bench trial of the descendants' appeal from the Board of Commissioners' decision to grant Nalley's permit application.[4] The court found that the evidence showed "no specific dedication of this property by any of its owners for use as a public cemetery and that the evidence did "not suggest that this cemetery was used by the public at large as a burial place." There was at least some evidence to support this finding.[5]

The descendants appear to believe that because they presented testimony from several witnesses while Nalley used "only one witness" whose testimony they characterize as shallow and self-serving, by virtue of their own assessment of the quantity and quality of their evidence they are entitled to a judgment in their favor. The descendants ask this court to re-weigh the evidence and re-judge the credibility of the witnesses. The finder of fact, in this case the superior court judge, is the final arbiter of the weight of the evidence and the credibility of witnesses. The judge's findings of fact will not be disturbed on appeal as long as there is any evidence to support those findings. OCGA § 9-11-52 (a). As the descendants concede, there was at least some evidence to support the judge's findings and this court will not substitute its opinion concerning the weight of the evidence for that of the factfinder.

2. The descendants also challenge the sufficiency of Nalley's application because Nalley proposed a change subsequent to the Ceme-

---

[3] The descendants maintain that if the cemetery is a community (public) cemetery then Nalley must show that the reappropriation of the property does not materially affect the accommodation of the public rights in the property, a showing that the descendants claim Nalley has not met.

[4] We note that the statute that authorizes such an appeal, OCGA § 36-72-11, does not specify if the superior court is to conduct a de novo evidentiary hearing, as the court did here, a de novo review of the record or if it is to sit as an appellate court (as, for example, is provided for in OCGA § 50-13-19). Because both parties acquiesced to the Court's de novo evidentiary hearing, it is unnecessary for this court to address this issue. We suggest that the legislature may wish to address this ambiguity.

[5] We note that the court also found that the cemetery was an abandoned cemetery as defined by OCGA § 36-72-2 (1). This finding is not challenged on appeal.

tery Preservation Commission's report. OCGA § 36-72-5 sets out the minimum requirements for an application. The court found that Nalley's application contained all of the elements required under § 36-72-5. The evidence in the record supports this conclusion. At the hearing before the Board of Commissioners, Nalley merely proposed an alternative relocation site for the Board's consideration. Given that OCGA § 36-72-7 (b) gives the governing authority the power to adopt the application "in whole or in part, or to issue a permit which may include additional requirements . . ." the Board of Commissioners had the authority to consider alternatives and to issue a permit for disinterment and relocation to the alternate site.

3. Under OCGA § 36-72-8 (1) and (5) a governing authority must consider that there is a presumption in favor of leaving cemeteries undisturbed and must balance "the applicants' interest in disinterment" with the public's and descendants' "interest in the value of the undisturbed cultural and natural environment." The descendants assert that the weight of the evidence did not overcome the presumption nor balance in favor of Nalley's interest in disinterment. There is evidence in the record which supports the trial court's conclusion of fact that, due to lack of maintenance and inappropriate surroundings, relocation would preserve rather than destroy the "cultural heritage of this county and this cemetery." For the same reasons enumerated in Division 1, this court will not substitute its opinion concerning Nalley's proof for that of the court below.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 4, 1994 —
RECONSIDERATION DENIED APRIL 22, 1994.

*Savell & Williams, William E. Turnipseed, Long, Aldridge & Norman, John M. Sheftall,* for appellants.

*Thomas J. Charron, District Attorney, Michael J. Bowers, Attorney General, Carol A. Callaway, Assistant Attorney General, Garvis L. Sams, Jr., Joel L. Larkin, Linda W. Brunt,* for appellees.