S94A1216. JOHNSON v. THE STATE.

(448 SE2d 177)

CARLEY, Justice.

After a jury trial, appellant was found guilty of malice murder. He appeals from the judgment of conviction and life sentence entered on the jury's guilty verdict.[1]

---

[1] The murder was committed on November 17, 1991. Appellant was indicted March 8,

1. Appellant gave a statement to officers, wherein he admitted being present at the scene of the murder, but denied having committed the homicide. According to appellant, he and the victim were attacked by a prospective purchaser of cocaine which they were seeking to sell. Appellant fled, but the victim was killed. Appellant then stole a gun from a friend in order to protect himself and his mother from the alleged murderer.

Over objection that the references in appellant's statement to the initial attempted sale of cocaine and the subsequent theft of a gun impermissibly placed his character into issue, the trial court admitted the entirety of the statement into evidence. This evidentiary ruling is enumerated as error.

As to the murder, appellant's statement was inculpatory only in that he admitted being present at the scene of the crime. As an admitted eyewitness, appellant's exculpatory statement as to what actually transpired during the commission of the murder was certainly relevant and admissible. Likewise, his statement as to what transpired shortly before and shortly after the commission of the murder was admissible as relevant res gestae evidence, notwithstanding his inculpatory admission therein that he had committed crimes other than the actual murder.

> The [S]tate is entitled to present evidence of the entire res gestae of the crime. Even though a defendant is not charged with every crime committed during a criminal transaction, every aspect of it relevant to the crime charged may be presented at trial. [Cit.] This is true even if the defendant's character is incidentally placed in issue.

*Satterfield v. State*, 256 Ga. 593, 598 (6) (351 SE2d 625) (1987). It follows that the trial court did not err in admitting the entirety of appellant's statement, which was confined to appellant's version of what transpired shortly before, during, and shortly after the commission of the murder for which he was being tried. Compare *Duke v. State*, 256 Ga. 671, 672 (1) (352 SE2d 561) (1987); *Walraven v. State*, 250 Ga. 401, 407 (4) (b) (297 SE2d 278) (1982).

2. Over an objection that it would impermissibly place appellant's character into issue, a witness was allowed to testify that he discovered that his gun was missing from his truck after he had given appellant a ride some few hours subsequent to the murder.

This testimony was merely corroborative of appellant's own ex-

1993. The verdict was returned and the life sentence was entered on March 2, 1994. Appellant's notice of appeal was filed on March 29, 1994. The case was docketed in this court on May 6, 1994, and was submitted for decision on June 27, 1994.

culpatory statement, wherein he freely admitted that he had fled the scene of the murder and had then stolen a gun in order to protect himself and his mother from the actual murderer. The testimony of the owner of the gun was no less admissible as res gestae evidence than was appellant's own statement. " 'Acts and circumstances forming a part or continuation of the main transaction are admissible as res gestae.' [Cits.]" *Shouse v. State*, 231 Ga. 716, 719 (8) (203 SE2d 537) (1974).

3. A witness' testimony that he and appellant smoked cocaine on the night of the murder likewise was "relevant evidence of [appellant's] state of mind and admissible as part of the res gestae." *Pless v. State*, 260 Ga. 96, 98 (2) (390 SE2d 40) (1990).

4. The individual whom appellant had named in his statement as the murderer testified and denied any involvement with cocaine or the murder. The jury, as it was authorized to do, obviously found this witness' testimony more credible than appellant's exculpatory statement. Construing all the evidence most favorably for the State, the jury was authorized to find proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

5. The results of DNA testing were admitted into evidence, the trial court concluding that "DNA testing . . . has been accepted by the courts in this state and the court's going to accept it in this [case]."

In *Caldwell v. State*, 260 Ga. 278, 286-287 (1) (b) (393 SE2d 436) (1990), we held that the admissibility of such evidence is ultimately dependent upon the trial court's determination

> whether the general scientific principles and techniques involved in [DNA testing] are valid and capable of producing reliable results, [and] also whether [the DNA tester himself] substantially performed the scientific procedures in an acceptable manner. [Cits.]

Accordingly, the trial court erred in failing to premise the admissibility of the DNA test results in the instant case upon that determination, rather than merely upon the fact that such evidence has been admitted in other cases.

However, the error does not necessarily require a reversal of appellant's conviction. There is no contention that the DNA test results are, as a matter of law inadmissible, and the trial court's error goes merely to the failure to make a proper determination as to the admissibility of the test results. Here, as in *Thornton v. State*, 238 Ga. 160, 165 (2) (231 SE2d 729) (1977), the

error can be cured by a post-trial hearing before the judge in

the trial court. If the trial judge determines [from the evidence adduced by the State and appellant at the hearing] that [the general scientific principles and techniques involved are invalid and incapable of producing reliable results or that the State's expert did not substantially perform the scientific procedure in an acceptable manner], a new trial must be ordered. The judgment will be affirmed with direction that the trial court conduct a hearing to consider this issue. Appellant is granted leave to file a new appeal within 30 days of the decision by the trial judge on this issue if the decision is adverse to appellant and appellant contends the trial judge abused his discretion in his ruling.

See also *Stewart v. State*, 263 Ga. 843, 845 (1) (440 SE2d 452) (1994); *Parker v. State*, 255 Ga. 167, 168 (1) (336 SE2d 242) (1985); *Berry v. State*, 254 Ga. 101, 104 (1) (326 SE2d 748) (1985).

*Judgment affirmed and case remanded with direction. All the Justices concur.*

DECIDED SEPTEMBER 19, 1994.

*Neil L. Heimanson*, for appellant.

*Dupont K. Cheney, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Michael D. Groves, Assistant Attorney General*, for appellee.

