S95A1102. JOHNSON v. THE STATE.
(461 SE2d 209)

BENHAM, Chief Justice.

Appellant's conviction for malice murder was affirmed by this Court in *Johnson v. State,* 264 Ga. 456 (448 SE2d 177) (1994). Because the results of DNA testing were admitted into evidence at appellant's trial without the trial court having made the determinations which are a necessary prerequisite to the admission of such evidence, we remanded the case to the trial court for a post-trial hearing and determination of the two necessary factors: whether the general scientific principles and techniques involved in the DNA testing were valid and capable of producing reliable results, and whether the tester substantially performed the scientific procedures in an acceptable manner. Id. at 458. See also *Caldwell v. State,* 260 Ga. 278 (1) (b) (393 SE2d 436) (1990). The current appeal is from the trial court's order which made the requisite findings necessary to the proper admission of the DNA evidence.

The State called two witnesses at the post-trial hearing, and qualified both as experts in the field of DNA forensic analysis. Appellant presented no evidence at the hearing. The GBI forensic serologist and DNA analyst who performed the DNA analysis of the evidence used in appellant's trial testified that the GBI DNA protocol and procedures are generally accepted in the field of DNA analysis, are based on valid scientific theory, and are acceptable and reliable. He testified that he had followed the procedures in an acceptable manner while performing the analysis involved in this case, and outlined the quality control measures, modeled on the Federal Bureau of Investigation's techniques, which the GBI lab had put into effect. The supervisor of the DNA unit of the GBI Division of Forensic Sciences, who also established the DNA testing protocols used at the GBI lab, testified that the scientific principles and techniques involved in DNA analysis were capable of producing reliable results as they were well-founded in basic science and used worldwide. He stated that he had reviewed the DNA procedures followed in the analysis performed on the evidence used in the case against appellant, and testified that the tester had substantially performed the procedures in an acceptable manner.

1. Appellant questions the validity of the trial court's conclusions that the general scientific principles and techniques involved in DNA testing are valid and capable of producing reliable results and that the tester substantially performed the scientific procedures in an acceptable manner, contending the conclusions were based solely on tes-

timony consisting of self-serving, conclusory declarations. Even if the experts' testimony is seen as self-serving, the self-serving nature of the testimony goes to credibility, not admissibility (see *Swain v. C & S Bank of Albany*, 258 Ga. 547 (372 SE2d 423) (1988)), and the trial court, as the finder of fact, did not err in considering it. See *Hughes v. Cobb County*, 264 Ga. 128, 130 (441 SE2d 406) (1994).

2. Appellant asserts that the State did not establish that the testing lab had a quality assurance and quality control program. The evidence summarized above, supplemented by the responses to the trial court's queries regarding procedures to eliminate common errors, was sufficient to support the trial court's conclusion regarding the admissibility of the evidence of the DNA test results.[1]

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 11, 1995.

*Neil L. Heimanson*, for appellant.

*Dupont K. Cheney*, District Attorney, *J. Thomas Durden*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *Susan V. Boleyn*, Senior Assistant Attorney General, *Michael D. Groves*, Assistant Attorney General, for appellee.

---

[1] Appellant also objects to the lack of statistical evidence applying theories of population genetics. There having been no such objection raised at the hearing, we will not address the issue at this time. See *Holden v. State*, 202 Ga. App. 558 (2) (b) (414 SE2d 910) (1992).