## S03A0942. JACKSON v. TOLLIVER et al.
### (586 SE2d 321)

THOMPSON, Justice.

Appellees Charles and Betty Tolliver brought a petition for ejectment and writ of possession against Paul Jackson. At issue was the ownership of four tracts of land in Murray County, Georgia. A jury returned a verdict in favor of the Tollivers, and judgment was entered vesting them with fee simple title to all the land in issue. Jackson's subsequent motion for new trial was denied. On appeal, Jackson accepts the jury's verdict as to Tracts 1 and 2, but asserts that he is entitled to a new trial because the evidence demands a finding that he acquired prescriptive title to Tract 3, and that a boundary line was established in his favor by acquiescence as to Tract 4. For the reasons which follow, we affirm.

The Tollivers established their chain of title as follows: Betty Tolliver's father, William L. Hawkins, Jr., acquired record ownership of Tracts 3 and 4 by deed in 1951.[1] In 1980, Hawkins granted the Tollivers an option to purchase an estimated 80 to 100 acres, which included Tracts 3 and 4; the option was recorded contemporaneously. In 1996 the Tollivers consummated the purchase from Hawkins, and they received and recorded a deed which included Tracts 3 and 4. Upon receiving the deed, the Tollivers had the lands surveyed and a plat was prepared which reflects that Tracts 3 and 4 were included in the bounds of the property they purchased from Hawkins. The Tollivers paid taxes on the property for more than 20 years.

In 1965 Jackson purchased 154 acres, which included Tract 2, but expressly excluded Tracts 1 and 3. Jackson testified that in 1967,

---

[1] The land in issue consists of small parcels, varying from 1.3 acres to 2.78 acres, which are contiguous to larger tracts owned by Jackson and Hawkins.

he and Hawkins entered into an oral agreement whereby Jackson would swap Tract 2 in exchange for Tracts 1 and 3. This purported swap was neither memorialized by a signed agreement nor was it recorded. Jackson also testified that he installed a fence which served as a boundary line, and it was his understanding that he would own property to the west of the fence and Hawkins would own land to the east. Jackson claimed that he went into immediate possession of land to the west of the fence, including Tracts 1 and 3, and Hawkins went into immediate possession of lands east, including Tract 2. A jury determined that the Tollivers acquired title to Tracts 1, 3, and 4 through conveyances to them by Hawkins, and that they acquired prescriptive title to Tract 2.[2]

1. Where an appeal is from a judgment denying a motion for new trial on the general grounds, an appellate court "can only review the evidence to determine if there is any evidence to support the verdict." (Citation and punctuation omitted.) *Cook v. Huff*, 274 Ga. 186 (1) (552 SE2d 83) (2001). Accordingly, we must decide whether the evidence, when construed most favorably for the Tollivers, see id., demanded a finding that Jackson acquired title to Tracts 3 and 4.

2. *Tract 3.* The undisputed evidence shows that the Tollivers hold record title to Tract 3. Jackson asserts, however, that beginning with the unmemorialized agreement to swap land with Hawkins in 1967, he took possession of Tract 3 and occupied it adverse to the interests of the Tollivers and their predecessor in title for a period in excess of 20 years.

OCGA § 44-5-161 sets out the elements of adverse possession:

> (a) In order for possession to be the foundation of prescriptive title, it:
> (1) Must be in the right of the possessor and not of another;
> (2) Must not have originated in fraud except as provided in Code Section 44-5-162 [actual or positive fraud];
> (3) Must be public, continuous, exclusive, uninterrupted, and peaceable; and
> (4) Must be accompanied by a claim of right.
> (b) Permissive possession cannot be the foundation of a prescription until an adverse claim and actual notice to the other party.

Title by prescription ripens when all of the foregoing elements are satisfied for a period of 20 years. OCGA § 44-5-163.

As support for his ownership of Tract 3, Jackson claimed that he

---

[2] As noted previously, only Tracts 3 and 4 are in issue here.

grazed cattle, that he grew and cut hay, and that he built a barn partially located on the land. But the evidence established that Jackson's use of Tract 3 was neither continuous, exclusive, nor uninterrupted for the requisite 20-year period. Until the mid-1980s when Jackson constructed a gate, the property was accessible to the general public and was used regularly by local teenagers for parties, drinking, and carousing. It was also shown that Jackson did not keep cattle on the property during the entire prescriptive period, that the land was completely wooded and not suitable for growing, and that the barn was not constructed until 1991.

The standard for possession "is [necessarily] one of substance and not of absolute mathematical continuity," *Walker v. Steffes,* 139 Ga. 520, 521 (9) (77 SE 580) (1913), and the jury could have reasonably decided that this evidence demonstrated interruption of possession or lack of continuity and exclusivity. It follows that Jackson's claim fails under the any evidence standard.

3. *Tract 4.* Jackson asserts that he gained title to Tract 4 by acquiescence on the part of both Hawkins and the Tollivers to a fence which he claims served as the boundary line between the parties' lands.

Under OCGA § 44-4-6, "[a]cquiescence for seven years by acts or declarations of adjoining landowners shall establish a dividing line." However, "the Code refers to 'establishing,' and not 're-establishing' the dividing line. If the line be certain and ascertained, it is established already, and the rule for establishing it by acquiescence is inapplicable." *Warwick v. Ocean Pond Fishing Club,* 206 Ga. 680, 684 (1) (58 SE2d 383) (1950). Acquiescence cannot be founded on parol negotiations fixing a boundary line, where a deed fixes a different boundary line. *Smith v. Lanier,* 202 Ga. 165 (3) (42 SE2d 495) (1947). "That rule is in harmony with [OCGA § 13-5-30 (4)], which requires that contracts for the sale of lands or any interest in or concerning them must be in writing [and OCGA § 44-5-30], which requires that deeds to land be in writing and signed by the maker." *Warwick,* supra at 683. Because the 1951 deed to Hawkins undisputedly conveyed Tract 4, and the property line is neither in dispute, uncertain, or unascertained, the principle of acquiescence is inapplicable under the facts.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 15, 2003.

*McCamy, Phillips, Tuggle & Fordham, Charles L. Daniel III,* for appellant.

*Minor, Bell & Neal, Stephen B. Farrow, Jonathan L. Bledsoe*, for appellees.