S06A0538. LEE v. THE STATE.
(630 SE2d 380)

THOMPSON, Justice.

Defendant Johnny Franklin Lee was convicted of malice murder and possession of a firearm by a convicted felon in connection with the death of Charles Watford.[1] He appeals, asserting he was denied his right to effective assistance of counsel. We find no error and affirm.

Construing the evidence in a light favorable to the verdict, we find the following:

Shortly after he was released from jail, Lee joined friends and discussed robbing someone to make some quick money. Lee then went to a gas station to speak with a "fence" who was interested in buying car wheels. While Lee was at the gas station, an automobile with 20-inch wheels pulled in. Watford was a passenger in the automobile. Lee approached a witness, told her that he had just been released from jail, asked if she knew one of the occupants of the automobile, and said he was going to rob him with a gun. Then Lee went to the automobile, pulled a handgun from the waistband of his pants, and shot and killed Watford.

1. The evidence was sufficient to enable any rational trier of fact to find Lee guilty beyond a reasonable doubt of malice murder and possession of a firearm by a convicted felon. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

---

[1] Lee shot and killed Watford on June 13, 2001. Lee was indicted on September 10, 2001, and charged with malice murder, two counts of felony murder, predicated on the underlying felonies of aggravated assault and possession of a firearm by a convicted felon, and the respective underlying felonies as well. Trial commenced on December 11, 2001, and the jury returned its verdict of guilty on all counts on December 13. Lee was sentenced to life in prison for malice murder and a consecutive term of five years for the firearm charge. The remaining counts were merged with the malice murder charge. Lee's timely filed motion for a new trial, as amended, was denied on September 7, 2005. Lee filed a notice of appeal on October 7, 2005. The case was docketed in this Court on November 30, 2005, and submitted for decision on the briefs on January 23, 2006.

2. Relying upon *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), Lee asserts his trial counsel was ineffective because he failed to (a) object to evidence that Lee told a witness he had just been released from jail; (b) seek a limiting instruction on the use of his prior felony conviction; and (c) move to sever the firearm possession count from the other counts of the indictment. We disagree.

To prevail on an ineffective assistance of counsel claim under *Strickland*, a defendant must show that counsel's "performance was deficient and that, but for that deficient representation, there is a reasonable probability that the proceeding would have ended differently. [Cit.]" *Silvers v. State*, 278 Ga. 45, 46 (2) (597 SE2d 373) (2004). To meet his burden, a defendant must overcome the strong presumption that his counsel's representation fell within the wide range of reasonable professional conduct. Id.

(a) Lee's statement that he had just been released from jail was an integral part of the res gestae. Thus, Lee's statement was admissible even though it placed his character in issue. *Johnson v. State*, 264 Ga. 456 (1) (448 SE2d 177) (1994); *Shouse v. State*, 231 Ga. 716, 719 (8) (203 SE2d 537) (1974); *Gadson v. State*, 223 Ga. App. 342, 344 (2) (477 SE2d 598) (1996). It cannot be said that counsel rendered ineffective assistance by failing to object to admissible evidence. *Massingill v. State*, 240 Ga. App. 690, 691 (2) (b) (524 SE2d 746) (1999).

(b) In its charge to the jury, the trial court gave instructions concerning the limited use of Lee's prior felony conviction. Thus, trial counsel's failure to request a limiting instruction had no effect on the outcome of the trial.

(c) Finally, trial counsel's performance was not deficient simply because he did not move to sever the firearm possession charge from the other counts of the indictment. The firearm possession charge was material to the more serious charges. Thus, it was not incumbent upon the trial court to bifurcate the trial. *Williams v. State*, 263 Ga. 135, 136 (1) (429 SE2d 512) (1993).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 17, 2006.

*William F. Rucker*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Robert M. Coker, Assistant District Attorney, Thurbert E. Baker, Attorney General, Edwina M. Watkins, Assistant Attorney General*, for appellee.