A06A2435. EASON v. THE STATE.
(642 SE2d 207)

SMITH, Presiding Judge.

A Cobb County jury found Vincent Eason guilty of false imprisonment, robbery, four counts of aggravated assault, and three counts of battery. On appeal, Eason argues that (1) the evidence was insufficient to support his convictions; (2) he was prejudiced by improper testimony and argument; and (3) the State violated his Fifth Amendment rights. We find no merit in these contentions and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to support the verdict, and the defendant no longer enjoys a presumption of innocence. *Williams v. State,* 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003). So viewed, the evidence shows that Eason went to the victim's home on the morning of June 5, 2002 and asked her if she would like to go to his house to watch a movie and drink a few beers. The victim recognized Eason because he had previously sold her drugs. Eason's roommates, Tierra Carroll and Misty Schleusner, drove Eason and the victim to Eason's home and dropped them off. Eason and the victim smoked crack cocaine and drank beer. Carroll and Schleusner eventually returned to Eason's house accompanied by a third woman, Natashia Little. According to Schleusner, Eason claimed to carry around a gun with two bullets, one for her and one for Carroll, in case they ever stepped out of line.

Eason told the victim that the three women were going to take her home, and that she owed him $60. The women drove the victim back to her apartment and waited for her to bring them the money. After the victim told the women that there was no money there and that she did not owe Eason anything, the women drove the victim back to Eason's house. The victim went inside and approached Eason

in order to talk with him, but Little began punching her in the face. The victim tried to run, but Schleusner knocked her down, and Eason, Schleusner, and Carroll began kicking her in the ribs. Eason then used a lighter to heat up a crack pipe and used the pipe to burn the victim twice on her leg. Carroll took the victim's ring. At some point, Eason hit the victim in the mouth.

Eason, along with the three women, tied the victim to a chair with a rope and an orange extension cord and gagged her. Eason burned the victim's leg with a lit cigarette, and he cut her leg with a box cutter. Carroll then poured alcohol and sprayed roach killer into the wounds. One of the women partially shaved and singed the victim's hair. Eason and Schleusner took turns striking the victim's knees with nunchakus.[1] Eason also tried to make his Rottweiler puppy bite the victim. While he was torturing the victim, Eason informed her that he was from New York and that "they were Bloods."

Little convinced Eason to let the victim go. The three women accompanied the victim back to her apartment, and they informed her that they would be back to collect the $60. One of the victim's neighbors called 911, and an ambulance took the victim to the hospital. Police, who also responded to the call, saw that the victim's face was bruised, with blood in her mouth, cuts on her thigh, and burn marks. The emergency room physician observed that the victim had suffered numerous facial injuries, burns and abrasions to the legs, and a broken rib. During a search of Eason's home, police found papers containing the victim's name, a box cutter, a set of nunchakus, an orange extension cord, and a Rottweiler puppy.

1. Eason argues that the evidence was insufficient to support his convictions because the victim's testimony differed from her statement to police, because Little's and Schleusner's testimony differed from that proffered during their guilty pleas, and because the victim's testimony was unreliable since she admitted to smoking crack cocaine before the attacks occurred. However, "[a]s long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Strong v. State*, 265 Ga. App. 257, 258 (593 SE2d 719) (2004). Applying the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient to permit a rational trier of fact to find Eason guilty beyond a reasonable doubt of the crimes for which he was convicted.

---

[1] A martial arts weapon consisting of two sticks connected at their end by short chains or rope.

2. Eason also contends that he is entitled to a new trial because he was prejudiced by improper testimony and argument. We disagree.

(a) Eason complains that the prosecutor improperly elicited testimony from the victim that Eason told her that he was a member of the New York Bloods gang. Eason's trial attorney objected to this testimony as irrelevant, prejudicial, and contrary to an earlier ruling by the trial court regarding the admission into evidence of gang activity. The trial court overruled the objection. While the trial court had previously ruled that "there can't be opinion about gang activity," the trial court had also ruled that the victim could testify to any statement made to her by Eason. Eason's statement to the victim that he was a gang member was admissible as res gestae of the crime. "Acts and circumstances forming a part or continuation of the main transaction are admissible as res gestae." (Citations, punctuation and footnote omitted.) *Sallie v. State*, 276 Ga. 506, 513 (10) (578 SE2d 444) (2003). See *Lee v. State*, 280 Ga. 521, 522 (2) (a) (630 SE2d 380) (2006) (defendant's statement was admissible as part of res gestae even though it placed his character in issue). We find no error.

(b) Eason also complains that the prosecutor improperly elicited testimony from a police officer that the victim had claimed Eason was a drug dealer. Having failed to object during the trial, Eason "waived his right to complain on appeal regarding this testimony." (Citation omitted.) *Tollette v. State*, 280 Ga. 100, 103 (6) (621 SE2d 742) (2005).

(c) Eason further complains that during opening statement the prosecutor improperly maligned him as an example of "mankind stooping to its lowest level" and that during closing argument the prosecutor (i) improperly referred to evidence of Eason's gang membership, (ii) implicitly emphasized Eason's gang membership by reference to his threats to hurt Carroll and Schleusner, (iii) improperly described Eason as the "conductor of an orchestra of evil," and (iv) improperly referred to Eason as a drug dealer. Eason's trial counsel failed to make contemporaneous objections to these arguments, resulting in a waiver of this issue on appeal. See *Braithwaite v. State*, 275 Ga. 884, 885 (2) (a) (572 SE2d 612) (2002).

3. Eason further contends that he is entitled to a new trial because the State infringed upon his Fifth Amendment right to remain silent. We disagree.

During defense counsel's cross-examination of a police officer about the officer's initial contact with Eason, defense counsel asked the officer about Eason's reaction to the victim's allegations. The prosecutor interposed the following objection in front of the jury: "It's hearsay, . . . not against interest. If he makes a proffer — he can make a proffer. His client can take the stand and it will come out." The jury was removed from the courtroom, and defense counsel moved for a

mistrial on the ground that the prosecutor's comment on Eason's taking the witness stand was inappropriate and would cause undue prejudice in the minds of the jury should Eason choose not to testify. Defense counsel further maintained that no curative instruction could alleviate the prejudice caused by the prosecutor's comment. The trial court, though admonishing the State as being on "thin ice," denied Eason's motion for a mistrial and concluded that no curative instruction was needed. As an apparent consequence of the prosecutor's action, the trial court then overruled the State's objection.

> As a rule of both constitutional law and Georgia statutory law, a prosecutor may not make any comment upon a defendant's failure to testify at trial. Generally, comments by the State regarding the defendant's decision not to testify may constitute reversible error if (1) the prosecutor's manifest intention was to comment on the accused's failure to testify, or (2) the remark was of such a character that a jury would naturally and necessarily take it to be a comment on the accused's failure to testify.

(Citations, punctuation and footnote omitted.) *Smith v. State*, 279 Ga. 48, 49 (2) (610 SE2d 26) (2005). See OCGA § 24-9-20 (b). Although we cannot conclude that the prosecutor's reference in front of the jury to Eason taking the stand was proper, neither prong of the foregoing test is satisfied here, and a reversal is not required. The prosecutor was arguing a plausible evidentiary objection. See, e.g., *Parker v. State*, 276 Ga. 598 (2) (581 SE2d 7) (2003) (holding self-serving declarations are inadmissible hearsay unless defendant testifies). In this context, the prosecutor's manifest intent was to exclude Eason's statements rather than to comment on Eason's possible failure to testify. The prosecutor's argument, which was directed to the trial court, was not such as would "naturally and necessarily" be taken by the jury as a comment on Eason's failure to testify. *Smith*, supra, 279 Ga. at 49 (2). Accordingly, the trial court did not abuse its discretion in denying Eason's motion for a mistrial. See *Ledford v. State*, 264 Ga. 60, 68 (18) (b) (439 SE2d 917) (1994). Further, "considering that the comment did not appear intentionally designed to or likely to urge any negative inference, the context in which the comment was made, and the strength of the evidence against appellant, . . . we conclude that any error was harmless beyond a reasonable doubt." *Billings v. State*, 278 Ga. 833, 835 (4) (607 SE2d 595) (2005).

*Judgment affirmed. Ruffin and Phipps, JJ., concur.*

DECIDED FEBRUARY 13, 2007.

Romin V. Alavi, for appellant.

Patrick H. Head, District Attorney, Reuben M. Green, Amy H. McChesney, Assistant District Attorneys, for appellee.

