S11A0913. WALLIS et al. v. PORTER.

(719 SE2d 419)

MELTON, Justice.

The parties in this case are adjoining landowners whose deeds both allegedly include a disputed six-acre parcel lying in Land Lot 95 of the 16th District, First Section, in Union County, Georgia. The six-acre parcel is rectangular in shape and bounded on the north by

a creek ("Town Creek"). When Jounida Porter, whose undisputed property lies to the north of Town Creek, started to build a trout pond on the disputed six acres, Charles Hunter, one of the other landowners (one of the "Hunter Heirs"),[1] voiced an objection, claiming that his family owned the disputed six acres. Porter then filed a declaratory action to establish that she was the true owner of the disputed six acres. The Hunter Heirs counterclaimed that the trial court should declare them to be the true owners of the disputed property. Following a bench trial, the trial court concluded that Porter had superior title to the disputed six acres. The trial court also found that Porter and her predecessors had established a claim to the disputed property by adverse possession. Following the denial of their motion for new trial, the Hunter Heirs appeal. For the reasons that follow, we affirm.

1. "Where an appeal is from a judgment denying a motion for new trial on the general grounds, an appellate court can only review the evidence to determine if there is any evidence to support the verdict." (Citation and punctuation omitted.) *Jackson v. Tolliver*, 277 Ga. 58, 59 (1) (586 SE2d 321) (2003). This Court does not re-weigh the evidence, as "[t]he finder of fact, in this case the superior court judge, is the final arbiter of the weight of the evidence and the credibility of witnesses." *Hughes v. Cobb County*, 264 Ga. 128, 131 (1) (441 SE2d 406) (1994).

Here, Porter presented, among other evidence, a duly recorded July 13, 1941 deed and a 1977 survey located at Plat Book G, Page 123 (the "Stanley Plat"), that identified the disputed property and that referenced the 1941 deed. Porter received the property referenced in the 1941 deed through a November 22, 2004 quitclaim deed executed by her father. Expert testimony from a surveyor established that the Stanley Plat most accurately represented the disputed land that was described in the 1941 deed. That deed described the borders of the rectangular tract as running

> across the creek with the fence row to a black-oak bush, thence running across the old road to a rock west of the

---

[1] The parties in this case who opposed Jounida Porter's claim to the six acres and claimed to have an interest in the adjoining properties to the east and south of the disputed property as well as an interest in the six acres in question include Austine H. Wallis (trustee of the Austine H. Wallis inter vivos trust), Sue H. Strouther (in her individual capacity and as trustee for Jack Creed Hunter), and Charles M. Hunter. The owner of the adjoining property to the west of the disputed six acres is Porter's cousin, Dean Collins, who does not dispute Porter's claim to the six acres in question. For ease of reference, the parties who oppose Porter's ownership of the six acres in question shall be hereinafter collectively referred to as "the Hunter Heirs."

original line, then the original line North to Town Creek, thence down the Creek to the beginning point.

The expert also considered prior surveys that had been done for the Hunter Heirs that excluded the six acres in question from the lands purportedly owned by the Hunter Heirs. Based on this and other evidence, the trial court found that Porter had established superior title to the disputed property.

Because "there was at least some evidence to support the judge's findings[,] . . . this court will not substitute its opinion concerning the weight of the evidence for that of the factfinder." *Hughes*, supra, 264 Ga. at 130 (1). See also *Addison v. Reece*, 263 Ga. 631, 632 (2) (436 SE2d 663) (1993) (even where language in 1918 deed describing conveyed property was "somewhat confusing," jury was authorized to find that claimant held superior title to the land where she "introduced evidence to the effect that the only 'logical' way in which [the deed] could be read was that the [land in question was] included therein").

2. In light of our holding in Division 1 that the trial court did not err in concluding that Porter had superior title by deed to the disputed property, we need not address the trial court's alternative conclusion that Porter and her predecessors had otherwise established prescriptive title to the disputed property by adverse possession.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 7, 2011 —
RECONSIDERATION DENIED NOVEMBER 30, 2011.

*Stewart, Melvin & Frost, J. Douglas Stewart, Frank Armstrong III, Nancy L. Richardson, Rustin L. Smith*, for appellant.
*Cary D. Cox*, for appellee.