S12A0865. KEEVER et al. v. DELLINGER et al.
(734 SE2d 874)

MELTON, Justice.

Through interrogatories, a jury determined that David Keever, individually and in his capacity as administrator of the Estate of Henry Keever, failed to prove that he had adversely possessed certain land whose record title was held by James R. Dellinger, Jr. and Frank Troutman (collectively "Dellinger"). Specifically, the jury found that, although Keever had proven all other elements of adverse possession, he had failed to establish exclusive possession. Keever now appeals, contending, among other things, that the trial court made improper evidentiary rulings. For the reasons set forth below, we affirm.

The record shows that, through a quiet title action, Keever and Dellinger both claimed superior record title to a particular Bartow County property (Property). In the alternative, Keever claimed ownership of the Property by adverse possession. In May 2007, the superior court appointed a Special Master to review the case pursuant to OCGA § 23-3-63. In March 2010, the Special Master found that Dellinger held superior record title to the Property, but Keever had shown, as a matter of fact and law, that he had gained title through adverse possession. See OCGA § 44-5-160 et seq. Thereafter, Dellinger filed a motion to set aside the Special Master's report in part and to allow trial by jury on the matter of adverse possession. The superior court determined that Dellinger held record title to the Property, but it rejected the Special Master's determination that Keever had shown adverse possession. Accordingly, the superior court granted a motion for jury trial filed by Keever, and the results of that trial form the basis for this appeal.

1. Keever initially argues that the superior court erred when it rejected the Special Master's finding that he had gained title to the property by adverse possession. At this point, however, that issue is moot, as a jury has now rendered a verdict. See OCGA § 23-3-67.

2. In his motion for new trial and on appeal, Keever contends that the weight of the evidence was contrary to the jury's verdict.

"Where an appeal is from a judgment denying a motion for new trial on the general grounds, an appellate court can only

review the evidence to determine if there is any evidence to support the verdict." (Citation and punctuation omitted.) *Jackson v. Tolliver*, 277 Ga. 58, 59 (1) (586 SE2d 321) (2003). This Court does not re-weigh the evidence, as "[t]he finder of fact, in this case the [jury], is the final arbiter of the weight of the evidence and the credibility of witnesses." *Hughes v. Cobb County*, 264 Ga. 128, 131 (1) (441 SE2d 406) (1994).

*Wallis v. Porter*, 290 Ga. 218, 219 (1) (719 SE2d 419) (2011). Here, as recognized by the parties, there is some evidence on both sides of the case. Therefore, there was evidence that the jury, as factfinder, used in support of its verdict, and this Court will not substitute its own opinion regarding the weight of the evidence. *Turner v. Trammel*, 285 Ga. 847 (684 SE2d 623) (2009).

3. Keever contends that, in his opening argument, Dellinger improperly told the jury that, to show Dellinger's ownership, Doyle Cabe would testify that Dellinger had given him permission to hunt on the Property on several occasions. Keever bases this contention on the fact that Cabe did not, in fact, testify at trial.[1] It does not appear that Keever properly preserved this error for review, as he neither objected during trial nor filed a motion for a mistrial. See, e.g., *Hightower v. State*, 287 Ga. 586 (9) (698 SE2d 312) (2010). Moreover, even if the argument were preserved, any error was harmless as evidence of Cabe's permissive hunting was properly introduced by the testimony of another witness.

4. Keever maintains that the trial court erred by allowing testimony that he held a title insurance policy on the Property. To support this claim, Keever cites the general rule that, in a case involving personal injury or damage to property, evidence of a liability insurance policy should be admitted only if it is clearly relevant and that relevance outweighs any prejudice. See, e.g., *Cincinnati Ins. Co. v. Reybitz*, 205 Ga. App. 174 (1) (421 SE2d 767) (1992). The principles underlying this rule are not particularly applicable to the introduction of evidence of a title insurance policy in a case like this, especially since the existence of the policy might have actually benefitted Keever by showing that he did, in fact, believe that the property over which he claimed adverse possession belonged to him. In any event, the evidence of the title insurance policy was strictly limited by the trial court, and, as the trial court found, it was certainly relevant to Keever's claim that he adversely possessed the property. "[T]he trial court has wide discretion in determining relevancy and

---

[1] Apparently, Cabe became ill after the trial began.

materiality, and furthermore, where the relevancy or competency is doubtful, it should be admitted, and its weight left to the determination of the jury." (Citations omitted.) *Owens v. State*, 248 Ga. 629, 630 (284 SE2d 408) (1981). Accordingly, admission of testimony regarding the title insurance policy was not error in this case.

5. Finally, Keever argues that he is entitled to a new trial because one of the jurors was a convicted felon. Specifically, Keever argues that his due process rights were violated because the county board of jury commissioners failed to remove that particular juror from the trial jury list in accordance with former OCGA § 15-12-40.2, which was in force at the time of the adverse possession trial.[2] OCGA § 15-12-40.2, itself, did not prohibit a convicted felon from sitting as a trial juror, and, at the time of the trial in this case, there was no statute expressly prohibiting such jury service by someone who had been convicted of a felony.[3] Applicable common law, however, indicated that such a potential trial juror would be disqualified from service in a criminal case. See, e.g., *Williams v. State*, 12 Ga. App. 337, 338-339 (77 SE 189) (1913).[4]

> [Under the] common law, . . . such disqualification is not necessarily permanent, because it has sometimes happened that men who afterward became model citizens had in their youth committed offenses which were fully expiated or atoned for by a subsequent course of exemplary rectitude.

*Bennett v. State*, 262 Ga. 149, 150 (1) (c) (414 SE2d 218) (1992). In this case, there is no evidence that the juror in question had any felony conviction other than a 1992 violation of the Georgia Controlled Substances Act. Under the circumstances of this civil matter, we do not think that this juror's crime was so recent or infamous to have infected the proceedings, and Keever has presented no evidence to the contrary. Id. In any event, Keever's specific claim in this matter is that his due process rights were violated, but he has not shown that his trial or its result was unfair.

---

[2] OCGA § 15-12-40.2 has been repealed, effective July 1, 2012.

[3] At the time of the adverse possession trial, there was a statutory prohibition against convicted felons sitting as members of a *grand* jury, OCGA § 15-12-60, but not a trial jury. Effective July 1, 2012, OCGA § 15-12-40 now provides: "Any person who has been convicted of a felony in a state or federal court who has not had his or her civil rights restored and any person who has been judicially determined to be mentally incompetent shall not be eligible to serve as a trial juror."

[4] The parties have pointed us to no precedent establishing a similar common law rule in civil matters such as this one.

*Judgment affirmed. All the Justices concur, except Benham, J., who is not participating.*

DECIDED NOVEMBER 5, 2012.

Cox, Byington, Corwin & Twyman, Christopher P. Twyman, for appellant.
White, Choate, Watkins & Mroczko, Harry B. White, for appellee.