## S12A2019. PACE et al. v. TURNER et al.
### (739 SE2d 384)

MELTON, Justice.

The respective families of Aldine Pace and Ralph Edward Turner[1] each claimed to own the same twenty-two acre tract of land in Washington County. Pace filed a quiet title action pursuant to OCGA § 23-3-60, and, following a hearing before a Special Master on October 29, 2008, the Special Master determined that Pace owned only four of the twenty-two acres that she sought. The matter was then appealed to the Superior Court, and, following a bench trial, the Superior Court determined that the Special Master's ruling was correct and supported by the evidence. Following the denial of her motion for new trial, Pace appeals, and, for the reasons that follow, we affirm.

The gravamen of Pace's argument on appeal is that the trial court's ruling was contrary to the weight of the evidence presented, not that there was "no" evidence to support the trial court's ruling. In this regard,

> "[w]here an appeal is from a judgment denying a motion for new trial on the general grounds, an appellate court can only review the evidence to determine if there is any evidence to support the verdict." (Citation and punctuation omitted.) *Jackson v. Tolliver*, 277 Ga. 58, 59 (1) (586 SE2d 321) (2003). This Court does not re-weigh the evidence, as "[t]he finder of fact, in this case the [trial court], is the final arbiter of the weight of the evidence and the credibility of witnesses." *Hughes v. Cobb County*, 264 Ga. 128, 131 (1) (441 SE2d 406) (1994).

*Wallis v. Porter*, 290 Ga. 218, 219 (1) (719 SE2d 419) (2011). Here, as the parties recognize, there is some evidence to support the trial court's ruling with regard to the boundary lines of the approximately four acres of land owned by Pace.[2] Therefore, because there was at least some evidence to support the trial court's ruling, this Court will not substitute its own opinion regarding the weight of the evidence. *Turner v. Trammel*, 285 Ga. 847 (684 SE2d 623) (2009).

---

[1] For ease of reference, the members of Aldine Pace's family shall collectively be referred to as "Pace," and the members of Ralph Turner's family shall collectively be referred to as "Turner."

[2] We note that Pace's argument that the trial court implicitly awarded the remaining eighteen acres of land to Turner by adverse possession based on having awarded only four of the twenty-two disputed acres to Pace is belied by the record. The trial court's order specifically states that Turner did *not* establish ownership of the remaining property by adverse possession.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 4, 2013.

*Burns & Burns, Joel D. Burns, Laura D. Burns,* for appellants. *Spivey, Carlton & Edenfield, J. Franklin Edenfield, Hutcheson & Wynne, Robert M. Wynne,* for appellees.