**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 22, 2025**

# In the Court of Appeals of Georgia

A25A0142. MILLS, JR. v. THE STATE.

PADGETT, Judge.

After a jury trial, Darren Rayton Mills, Jr. was convicted of criminal attempt to commit murder and other crimes. After the trial, Mills learned that one of the jurors did not disclose that she was a convicted felon. Mills moved for a new trial on the basis that his constitutional right to trial by jury was violated because one of the participating jurors was a convicted felon whose rights had not been restored. The trial court denied the motion. Mills appeals, and we reverse.[1]

"Where, as here, the trial court's denial of the motion for new trial involves a mixed question of law and fact, we review de novo the trial court's decision as to any

---

[1] This Court held oral argument in this case on December 18, 2024. Video of the oral argument is available on the Court's website.

questions of law, while applying the clearly erroneous standard of review to any factual findings made by that court, and we defer to the trial court's credibility determinations." *Sarat-Vasquez v. State*, 350 Ga. App. 322, 323 (1) (829 SE2d 394) (2019) (cleaned up).

So viewed, the record shows that in 2015, the victim, H. P., was robbed and shot several times. Related to that incident, Mills and co-defendants Dominque Carter and Quatez White were indicted in 2016 on two counts of participation in criminal street gang activity, criminal attempt to commit murder, aggravated assault with a deadly weapon, aggravated battery, armed robbery, hijacking a motor vehicle, arson in the second degree, and possession of a firearm during the commission of a felony.[2] Mills pleaded not guilty to all counts, and the case went to trial. During jury selection, the trial judge asked the panel of prospective jurors: "[i]s there anyone on our panel who has been convicted of a felony and has not had their rights restored?" There was no response from the members of the panel, including potential juror C. L. L. C. L. L. was selected for the jury and participated in deliberations. Ultimately, the jury –

---

[2] Carter and White were also convicted of the same crimes as Mills and, like Mills, were acquitted of possession of a firearm during the commission of a felony. Carter and White are not parties to this appeal.

2

including C. L. L. – found Mills not guilty of possession of a firearm during the commission of a felony and guilty on the remaining counts.

Mills filed a timely motion for new trial. After discovering that C. L. L. was a convicted felon whose rights had not been restored, Mills amended his motion to include arguments that C. L. L.'s presence on the jury deprived him of a fair trial. In support of his motion, Mills submitted evidence that this juror pleaded guilty in 1995 to possession of cocaine and was sentenced under the First Offender Act, OCGA § 42-8-60, that prior to completion of her first offender sentence, she violated her probation by possessing cocaine, and that her first offender status was revoked in 1997. At the motion for new trial hearing, the juror testified that she was never pardoned for her crime. In its order denying the motion, the trial court found that C. L. L.'s crime was not "so recent or infamous to have infected the proceedings" and that Mills offered no evidence demonstrating that his trial or its result was unfair. Mills appeals.

1. First, Mills argues that the trial court erred in denying the motion for new trial based on the fact that a felon juror participated in the deliberations and verdict in violation of the Georgia Constitution of 1983 and OCGA § 15-12-40. We agree.

The Georgia Constitution provides that "[t]he right to trial by jury shall remain inviolate . . . ." Ga. Const. of 1983, Art. I, Sec. I, Par. XI (a). The Georgia Constitution also states that "[a] trial jury shall consist of 12 persons . . . ." Ga. Const. of 1983, Art. I, Sec. I, Par. XI (b). This right to a 12-person jury originates in the common law, "[a]nd as at common law . . . so likewise it is essential that one accused of crime shall in Georgia be accorded a trial before twelve [persons], upright and intelligent, if the right [to a jury trial] is to be preserved inviolate." *Williams v. State*, 12 Ga. App. 337, 339 (77 SE 189) (1913); *Ga. R.R. v. Cole*, 73 Ga. 713, 715 (1885) ("To constitute a proper jury, there must be a jury of twelve *bonos et legales homines omni exceptione majores*.").

At common law, convicted felons were generally disqualified from serving on a jury in a criminal case. *Keever v. Dellinger*, 291 Ga. 860, 862 (5) (734 SE2d 874) (2012). Their disqualification was not necessarily permanent, however, "because it has sometimes happened that men who afterward became model citizens had in their youth committed offenses which were fully expiated or atoned for by a subsequent course of exemplary rectitude." Id. (cleaned up) (quoting *Bennett v. State*, 262 Ga. 149, 150 (1) (c) (414 SE2d 218) (1992)). Nonetheless, where disqualification was

appropriate at common law, the remedy for conducting a trial with a convicted felon was to grant a new trial because the whole trial was void. *Williams*, 12 Ga. App. at 338 (guilty plea to simple larceny "disqualified the . . . juror, and his presence on the jury was illegal, and reduced the number of competent jurors to eleven, thereby depriving the defendant of a full jury and making his conviction illegal"). On this point, the Supreme Court of Georgia was clear: "One reason why a new trial is demanded where *there is no doubt as to disqualification of a juror* . . . is that the verdict is illegal and void." Id. at 340 (citation and punctuation omitted) (emphasis supplied).

Our legislature codified and further clarified convicted felons' ineligibility to serve as trial jurors with its enactment in 2012 of OCGA § 15-12-40, which states unequivocally that "[a]ny person who has been convicted of a felony in a state or federal court who has not had his or her civil rights restored . . . shall not be eligible to serve as a trial juror." The plain language of OCGA § 15-12-40 is unambiguous that a convicted felon shall not be eligible to serve on a jury, and thus the legislature made the disqualification permanent, absent some restoration of his or her civil rights. OCGA § 15-12-40, is silent, however, about what to do if a trial is conducted with a convicted felon serving on the jury. Thus, the proper remedy is now, as it was under

common law, to grant a new trial because the whole trial was void. *Williams*, 12 Ga. App. at 338.

We are not persuaded by the State's arguments against this result. The State cites to *Bennett v. State*, 262 Ga. 149, 150-151 (1) (c) (414 SE2d 218) (1992), a case decided a decade before enactment of OCGA § 15-12-40, where our Supreme Court held that a new trial was not warranted where a member of the juror had been a convicted felon. In *Bennett*, the Supreme Court noted that at common law, the disqualification was "not necessarily permanent" because the juror's prior felony conviction for "traffic-offense habitual-violator" occurred "several years" before the trial. Id. at 150 (1) (c). Thus, the Supreme Court in *Bennett* made its determination before and without the benefit of OCGA § 15-12-40's absolute prohibition of a convicted felon serving on a jury. And in *Bennett*, unlike this case, the defense learned of the possible disqualification of the juror during trial and did not immediately raise the issue until after trial. Id. at 150-151 (1) (c). We likewise are not persuaded by the State's reliance on the Supreme Court's decision in *Keever v. Dellinger*, 291 Ga. 860, 862 (5) (734 SE2d 874) (2012), where the Supreme Court held that a party was not entitled to a new trial where one of the jurors was a convicted felon. As the Supreme

6

Court noted, *Keever* was a civil case, and "[t]he parties . . . pointed [the Supreme Court] to no precedent establishing a similar common law rule in civil matters such as this one." Id. at 862 (5) n.4. And again, the trial in *Keever* also preceded the effective date of OCGA § 15-12-40 and its unambiguous declaration that convicted felons are ineligible to serve as trial jurors. Id. at 862 (5) n.3.

The State next argues that because the legislature in 1995 added a prospective juror's felony conviction to the statutory list of challenges that a party may make to a juror for cause,[3] the challenge to a juror based on his or her prior felony conviction changed from being *propter delictum*, permitting the challenge to come after the trial, to being *propter defectum*, requiring the challenge to come before the verdict is rendered. We again disagree.

---

[3] OCGA § 15-12-163 (b) states that: The state or the accused may make any of the following objections to the juror:
(1) That the juror is not a citizen, resident in the county;
(2) That the juror is under 18 years of age;
(3) That the juror is incompetent to serve because of mental illness or intellectual disability, or that the juror is intoxicated;
(4) That the juror is so near of kin to the prosecutor, the accused, or the victim as to disqualify the juror by law from serving on the jury;
(5) That the juror has been convicted of a felony in a federal court or any court of a state of the United States and the juror's civil rights have not been restored; or
(6) That the juror is unable to communicate in the English language.

In *Wright v. Davis*, 184 Ga. 846, 852 (193 SE 757) (1937), our Supreme Court first characterized challenges to juror qualifications who have committed felonies as *propter delictum* as opposed to *propter defectum*. "Challenges to the poll, the individual juror, are either peremptory or for cause. Challenges for cause are made in one of two forms — for principal cause or for favor. Principal cause is disqualification based on the grounds enumerated in OCGA § 15-12-163][,]" *Clay v. State*, 322 Ga. App. 97, 100 (1) (744 SE2d 91) (2013), including that the juror "has been convicted of a felony in a federal court or any court of a state of the United States and the juror's civil rights have not been restored[.]" OCGA § 15-12-163 (b) (5). "A challenge to the poll for principal cause is based on alleged facts from which, if proved to be true, the juror is conclusively presumed to be incapacitated to serve." *Hagans v. State*, 77 Ga. App. 513, 514 (48 SE2d 700) (1948).

A challenge *propter defectum* is made when the potential juror is "wanting in some qualification required by law," such as residence or county. *Allen v. State*, 299 Ga. App. 201, 202 (1) (a) (683 SE2d 343) (2009) (quoting *Gormley v. Laramore*, 40 Ga. 253, 254 (1869)). A challenge *propter defectum* is a challenge made when, but for the lack of qualification, the potential juror is otherwise "just as good" as any other

potential juror. Id. (quoting *Gormley*, 40 Ga. at 254). "Georgia courts have consistently held that objections to the manner in which a jury is chosen, when such objections do not relate to the favor or bias of the juror but rather to his or her qualifications to serve on a jury (such as being on the jury commissioner's list or properly summoned), come too late when raised after the verdict is rendered, even if the defect was not discovered until after the verdict." *Allen*, 299 Ga. App. at 203 (1) (a). "The idea is that a juror incompetent *propter defectum* is made specially competent by the act of the parties in allowing him to serve without challenge, and a verdict will not be set aside for such cause." Id. (citation and punctuation omitted). "Even if the parties were unaware of the defect, the theory of the law is that such a defect could have been discovered before the juror was accepted, as well as after, with exercise of proper diligence, and . . . that a juror so disqualified would be as fair a juror to one side as to the other." Id. (citation and punctuation omitted).

In contrast, our Supreme Court has stated that a challenge *propter delictum* "is materially different from an objection *propter defectum*." *Brady v. State*, 199 Ga. 566, 572 (34 SE2d 849) (1945). A challenge *propter delictum* is a challenge on account of a crime of moral turpitude committed by the juror, which disqualifies the juror. *Mitchell*

9

*v. State*, 69 Ga. App. 771, 777-779 (26 SE2d 663) (1943). Whereas a challenge *propter defectum* is a challenge made when "[i]t does not appear but that the man is just as good a juryman for the party objecting as any other," *Allen*, 299 Ga. App. at 202 (1) (a) (quoting *Gormley*, 40 Ga. at 254), a challenge *propter delictum* is made when a defendant is "deprived of his right to have a jury composed entirely of upright men." *Wright*, 184 Ga. at 853. And, in such cases, we do not "speculate on whether the accused suffered actual injury, when so vital a right has been violated. There are some conditions from which injury will be presumed." Id. Thus, we reject the State's contention that "when the Legislature added statutes regarding the ineligibility of convicted felons to serve, it abrogated the common law such that a challenge based on a felony conviction should no longer be considered one *propter delictum*, but one *propter defectum*."

We also reject the State's argument that *propter delictum* challenges apply only to jurors who have been convicted of "certain 'infamous' felonies," as opposed to "not so 'infamous'" felonies. First, the plain language of OCGA § 15-12-40 is unambiguous and encompassing in its reference to "a felony," without any distinction or subdividing between a felony that is "infamous" and one that is "not infamous."

Second, as our Supreme Court has made clear, "it would seem that any crime designated as a felony and punishable by imprisonment would be a crime involving moral turpitude within the meaning of the law. Felonies are infamous." *Lewis v. State*, 243 Ga. 443, 445 (254 SE2d 830) (1979); *Rehberger v. State*, 269 Ga. 576, 576 (1) (502 SE2d 222) (1998) ("In Georgia, all felonies are crimes involving moral turpitude.").

Finally, the State argues that the Supreme Court was wrong when it decided for the first time in *Wright* that challenges to juror qualifications who have committed felonies were challenges *propter delictum*. But this Court "has no authority to overrule or modify a decision of the Supreme Court of Georgia as 'the decisions of the Supreme Court (of Georgia) shall bind all other courts as precedents.'" *Etkind v. Suarez*, 234 Ga. App. 108, 108 ( 505 SE2d 831) (1998) (quoting Ga. Const.1983, Art. VI, Sec. VI, Par. VI). Accordingly, we reverse the trial court's denial of Mills' motion for new trial.

2. Having reversed the judgments of conviction and determined that Mills is entitled to a new trial, we need not address his additional claims of error as they are moot or unlikely to recur on retrial. *Willingham v. State*, 279 Ga. 886, 889 (3) (622 SE2d 343) (2005).

*Judgment reversed. Doyle, P. J., and Markle, J., concur.*