## 67842. McNEIL v. PARKER.

DEEN, Presiding Judge.

On February 1, 1981, McNeil and Parker, who were neighbors, had an altercation over Parker's child's cutting across McNeil's newly sown lawn. McNeil and his wife took pride in their lawn maintenance, and felt concern about neighborhood children cutting across their yard. On the day of the altercation, McNeil's wife spoke to Parker's 13-year-old daughter and requested that she and her friends discontinue using their lawn as a short cut, at least until the newly sown grass could become well rooted. Parker was somewhat disturbed by the McNeils' addressing his daughter rather than himself about the matter, and he went to McNeil's house to discuss the situation. Some discussion did occur on McNeil's front porch.

What transpired next was in dispute. McNeil claimed that Parker was belligerent and used profane language, and that Parker struck him without provocation. (NcNeil suffered a broken jaw.) Parker testified that McNeil had been the aggressor, and that after the heated discussion terminated, as he turned around to leave, McNeil grabbed him by the chest as if to spin him back around. Parker, believing that McNeil was about to strike him, fended off McNeil's grasp with his left arm and struck him with his right fist. At the time, McNeil was 62 years old and Parker was 38.

McNeil subsequently commenced this action, seeking damages for the alleged battery. Following the trial, the jury returned a verdict for the defendant Parker. On appeal, NcNeil asserts that the verdict was contrary to the evidence and the law, in that Parker had failed to establish self defense. *Held:*

McNeil contends here not only that Parker was the initial aggressor but that the amount of force he used exceeded that necessary to defend himself. OCGA § 16-3-21 (a) (Code Ann. § 26-902) provides in part that "[a] person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat or force is necessary to defend himself . . . against such other's imminent use of unlawful force . . ." This criminal statute supplies the basis of justification that a person who has committed a battery may assert as a defense in a civil suit over the battery. *Exposition Cotton Mills v. Crawford,* 67 Ga. App. 135, 145 (19 SE2d 835) (1942). This doctrine of self defense, however, may not be invoked where the defendant's own acts of aggression brought about the difficulty with the plaintiff, unless the defendant has retreated in good faith intending to abandon the confrontation. *Nordmann v. Intl. Follies,* 148 Ga. App. 77 (250 SE2d 794) (1978).

Such questions of reasonable belief, necessary or unnecessary

force, initial aggression, and retreat are ordinarily issues of fact reserved for jury resolution. Cf. *Exposition Cotton Mills v. Crawford,* supra. The instant case was such a case, and the evidence was sufficient to authorize the jury's acceptance of the defendant's asserted self defense.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 6, 1984.

*Samuel H. Harrison,* for appellant.
*Richard B. Chandler, Jr.,* for appellee.