## A93A2456. PRUITT v. THE STATE.
### (440 SE2d 248)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of pointing a gun at another. The evidence adduced at trial reveals that defendant pointed a pistol at a United States Postal Service mail carrier ("the victim") after the victim delivered a package to the defendant's residence. This appeal followed entry of judgment on defendant's conviction. *Held*:

1. In his first four enumerations, defendant asserts the general grounds and contends the trial court erred in denying his motion for a directed verdict of acquittal.

The victim testified that defendant pointed a pistol at him and stated, " 'you want some of this, you want some of this[,]' " moments after the men concluded a verbal altercation. An eyewitness corroborated the victim, testifying that defendant "pointed . . . what appeared to be a gun, towards the van [the victim was operating]." This evidence is sufficient to authorize the jury's finding that the defendant is guilty, beyond a reasonable doubt, of pointing a gun at the victim in violation of OCGA § 16-11-102. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The trial court did not err in denying defendant's motion for a directed verdict of acquittal. *Ford v. State*, 163 Ga. App. 745 (296 SE2d 85).

2. In his fifth and sixth enumerations, defendant contends the trial court erred in failing to give his requests to charge on justification and habitation.

" ' "A request to charge must be legal, apt, and precisely adjusted to some principle involved in the case, and be authorized by the evidence." (Cit.)' *Grant v. State*, 197 Ga. App. 878, 880 (2) (399 SE2d 743) (1990)." *Jirles v. State*, 204 Ga. App. 268 (2) (419 SE2d 117) (1992). In the case sub judice, defendant's testimony reveals that the victim and defendant exchanged words at the front door of defend-

ant's apartment and that the victim left the scene of the verbal altercation when defendant retreated into his dwelling place. The defendant testified that he went inside his apartment after the victim's verbal assault; that he closed the entrance door to his apartment; that he retrieved a weapon (a pepper canister) from his apartment and that he went outside and pointed the weapon at the victim. Defendant admitted that he was not in imminent fear of assault from the victim when he pointed the weapon at the victim and that the victim was not threatening to invade defendant's abode when he pointed the weapon at the victim. Defendant explained that he pointed the weapon at the victim because he "wanted to demonstrate that [he] would defend [himself]." These circumstances do not authorize charges on the use of force in defense of self or habitation. See OCGA §§ 16-3-21 and 16-3-23. Consequently, the trial court did not err in refusing to give defendant's requests to charge on the defenses of justification.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JANUARY 12, 1994.

*Joseph M. Todd*, for appellant.

*Keith C. Martin, Solicitor, Leigh A. Moore, Evelyn Proctor, Assistant Solicitors*, for appellee.