A97A0613. BELL et al. v. SMITH et al.
(488 SE2d 91)

RUFFIN, Judge.
This wrongful death case arises from a shooting incident in rural Lee County on Christmas Eve 1993. David Smith, the plaintiffs' son, was riding in a truck when defendant Cliff Bell shot him in the back with a high-powered rifle. David Smith died, and the Smiths sued Cliff Bell, his brother Jack Bell III, and Mary Denise Bell, their mother. Cliff Bell admitted he fired the shot but claimed he acted in defense of his brother, Jack, after the truck in which Smith was a passenger swerved toward Jack. The trial court granted partial summary judgment to the plaintiffs on the issue of liability after it determined, as a matter of law, that the evidence presented could not support defendant Cliff Bell's claim that his actions were justified. For the following reasons, we affirm the trial court's judgment.

In determining whether the trial court properly granted summary judgment, we review the record evidence de novo to determine whether that evidence, with all inferences construed in Cliff Bell's favor, showed as a matter of law that Bell's actions in firing the fatal shot were unjustified. See *Gentile v. Bower*, 222 Ga. App. 736, 737 (477 SE2d 130) (1996).

The transcript of Cliff and Jack Bell's criminal trial on charges relating to this shooting was made a part of the record in this case. The evidence presented in depositions and at the criminal trial showed that around 11:00 p.m. on Christmas Eve, members of the Bell family were frightened from bed by a loud rifle shot fired near

their home. Jack Bell went to the front door, and his 15-year-old brother Cliff followed him. When another loud shot sounded, Jack Bell retrieved a shotgun from his truck and began walking toward the public dirt road that fronted their home. Cliff Bell got a .270 deer rifle from Jack's truck and followed his brother toward the road.

As Jack neared the road, a truck some distance away appeared to turn on its headlights and began to accelerate toward the Bell home. According to Cliff Bell, as the truck neared their home, it turned off its lights, "swerved" toward Jack, and continued past the home. Jack, apparently frightened, fired two shotgun blasts in the air. After the truck passed Jack, Cliff, who was behind his brother and a little farther from the truck, fired the rifle in its direction without aiming. He chambered another round and, as the truck continued in a northerly direction past the house, fired again. The trial court found, and it is undisputed, that this second round entered the passenger compartment of the truck, striking David Smith in the torso and causing his death.

The Smiths moved for summary judgment against Cliff Bell on the issue of liability, contending that Cliff's actions proximately caused David Smith's death and that Cliff was negligent per se because he violated OCGA § 16-11-103. That Code section makes a person guilty of a misdemeanor "when, without legal justification, he discharges a gun or pistol on or within 50 yards of a public highway or street." The trial court rejected Cliff Bell's argument that his actions were "legally justified" as an attempt to defend his brother. Because he admitted that his actions otherwise caused Smith's death, that ruling constitutes the only ground of Cliff Bell's appeal.

The circumstances under which a person is justified in using force to defend another are outlined in OCGA § 16-3-21 (a), which states: "A person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat or force is necessary to defend himself or a third person against such other's imminent use of unlawful force; however, a person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself or a third person or to prevent the commission of a forcible felony." See also *McNeil v. Parker*, 169 Ga. App. 756, 757 (315 SE2d 270) (1984); Restatement of the Law, Torts 2d, § 76. Because justification is an affirmative defense, in this civil case Cliff Bell bore the burden of proving his actions met the requirements of this statute. See *Williams v. McCranie*, 27 Ga. App. 693, 698-699 (109 SE 699) (1921); OCGA § 24-4-1; compare *Brown v. State*, 267 Ga. 350, 351 (2) (478 SE2d 129) (1996) (in criminal case, although justification is an affirmative defense, the State must disprove that defense). To obtain

summary judgment on this claim, therefore, the Smiths, who will not bear the burden of proof at trial on this affirmative defense, are not required to affirmatively disprove the claim of justification. "[I]nstead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Although Cliff Bell argues that he reasonably believed his brother to be in danger from the swerving truck when he fired, his own testimony belies this contention. In his deposition testimony, Cliff acknowledged that the Smith truck had passed his brother when he fired the first shot and had traveled an additional 25 feet down the public road when he fired the fatal shot. In his deposition and criminal trial testimony, Cliff acknowledged that when he fired the second shot, the truck was "out of harm's way" and there was no danger that his brother would be run down. Although he feared the occupants of the truck had fired on his home, Cliff admitted he did not know whether those people had fired the shots, nor did he know why the truck's occupants were shooting. He could not see anyone in the truck, and no one in the truck made any verbal threats or displayed any weapons. Although he did not specifically aim at the truck, Cliff stated he was firing in the general direction of the truck in an effort to shoot out its tires or otherwise stop it.

Under these circumstances, the trial court properly found that Cliff Bell's use of force was unreasonable. The question is not whether Cliff *actually* feared the occupants of the truck, but rather whether an objective *reasonable person* would have believed Jack to be in *imminent* danger. See OCGA § 16-3-21 (a); *Daniels v. State*, 248 Ga. 591, 592-593 (1) (285 SE2d 516) (1981); see also *Cox v. State*, 216 Ga. App. 86, 88 (2) (453 SE2d 471) (1995) (physical precedent only). Cliff's own testimony, construed against him to the extent it is contradictory without explanation, shows Jack was in no danger of being "run down" when Cliff fired the fatal shot. See *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986). As noted, Cliff did not know if the occupants of the truck had shot at his home, nor did he know why shots were fired. His unsubstantiated suspicion that the truck's occupants had recently fired weapons near his house was, as a matter of law, unreasonable. Cliff had no reason to believe the truck's unknown driver or passengers meant him or his family any harm. Under the circumstances, Cliff's fears that led him to fire at the truck were objectively unreasonable. See *Pruitt v. State*, 211 Ga. App. 654, 655 (2) (440 SE2d 248) (1994) (where defendant admitted he was not in imminent fear of assault, claim of self-defense was without merit); *Cox*, supra. The trial court, therefore, did not err

in granting the Smiths partial summary judgment.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED JUNE 19, 1997 — 

*Bowles & Bowles, Jesse G. Bowles III*, for appellants.
*William M. Calhoun, Jr.*, for appellees.