S16G1700. HENRY COUNTY BOARD OF EDUCATION v. S. G.
(804 SE2d 427)

BENHAM, Justice.

This case involves the expulsion by the Henry County Board of Education ("Local Board") of then-high school student S. G. as discipline for fighting on school grounds in violation of the student handbook. Specifically, she was charged with physically abusing others (in violation of Section 2, item 4 of the handbook) and with a violation that constitutes a misdemeanor under Georgia law (in violation of Section 2, item 11). Following an evidentiary hearing before a disciplinary hearing officer, S. G. was expelled from Locust Grove High School, and that decision was affirmed by the Local Board.

The hearing transcript shows that S. G.'s mother was employed at the school S. G. attended and witnessed some of the fight between S. G. and the other student involved. Both S. G. and her mother testified at the hearing. The fight occurred during after-school hours, and S. G. stated that immediately before the fight broke out she was walking back to the building after dropping items off in her mother's car. Testimony established that problems between these two girls had existed for some time, and that S. G. and her mother had reported these problems to administrators and had shown them Facebook posts to illustrate the problem. S. G. testified that as she was walking across the parking lot she heard the other student and another girl calling out to her and laughing. Since rumors had been going around school that day that S. G. and the other student were going to fight, S. G. said to her, "There's no problem." According to S. G., the other student dropped what she was carrying and said, "Let's fight now." S. G. stated that, in response, she walked away from the other student and walked up to a brick column along the covered pathway to the building. Nevertheless, the other student continued yelling at her and coming after her. S. G. stated that the other student pushed her before S. G. swung and hit the other student.

A school secretary also testified at the hearing and stated that as she was walking out the front door of the school to leave work she saw the other student moving toward S. G. "almost at a run" and talking loudly, saying something like, " 'We'll do it now.' " The witness stated that S. G. was standing with her back toward one of the brick columns, and she heard S. G. say something to the effect of " 'You'll need to stop this.' " It appeared to the witness that the other student lunged toward S. G., and "the next thing they were on the ground." According to this witness, the other student was definitely the aggressor. S. G.'s mother testified that she witnessed S. G. attempting to get away from the other student, as she had advised her to do, but that the other student "insisted on fighting."

A surveillance video recording of the fight (that does not contain audio) was played at the hearing, and we have reviewed it. The video appears to corroborate, in many respects, the testimony of S. G., the school secretary, and S. G.'s mother. It shows S. G. held up her hand as if to indicate "stop" as the other student approached her, and it then shows S. G. walked up to the brick column and turned around with her back to it. In the video, the other student appears to lunge at S. G., after which S. G. steps forward and starts hitting the other student, but, because of the quality of the video, it cannot be determined whether the other student pushed or made contact with S. G. before the fight broke out. The two girls ended up on the sidewalk, and S. G. struck the other student with her fist several times. Others came forward to break up the fight, but again the other student moved toward S. G., and again S. G. struck the other student, knocking her to the ground where more blows were dealt.

The hearing officer found S. G. guilty of violating the rules with which she was charged "for being involved in a fight on the school grounds." The hearing officer further found:

> The other female moved towards you and you hit the girl and the fight started. You threw her to the ground and began hitting her in the face numerous times. The fight was [broken] up and the other female walked toward you and [the] fight continued. The other student received a busted lip and blood on her face. And you were charged with a misdemeanor by the [school resource officer].

Expulsion followed, with the option for S. G. to attend the county's alternative school.[1]

S. G. appealed to the State Board of Education, which sustained the decision of the Local Board. She then filed an appeal to the Henry County Superior Court, as permitted by OCGA § 20-2-1160. After considering the evidentiary record, briefs submitted by the parties, and oral argument, the superior court reversed the State Board's decision and ordered the Local Board to remove the disciplinary findings from S. G.'s record and to amend the record to reflect S. G.'s innocence of the disciplinary charges brought against her. That prompted the Local Board's appeal to the Court of Appeals, which

---

[1] Attorneys for the parties represent that S. G. attended the alternative school and graduated. Nevertheless, the case is not moot since S. G. seeks expungement of the expulsion from her school records. See *Fulton County Bd. of Ed. v. D. R. H.*, 325 Ga. App. 53, 60-61 (2) (752 SE2d 103) (2013).

affirmed the superior court's reversal of the Local Board's ruling. See *Henry County Bd. of Ed. v. S. G.*, 337 Ga. App. 260 (786 SE2d 907) (2016).

S. G. asserts she was not guilty of the disciplinary charges because she acted in self-defense. This Court granted the Local Board's petition for writ of certiorari to examine two issues: whether the Court of Appeals opinion imposes an improper burden of proof upon local school boards with respect to a student's self-defense claim to disciplinary charges for engaging in a fight; and whether, regardless of its burden of proof analysis, the Court of Appeals correctly determined that the Local Board in this case improperly rejected S. G.'s self-defense claim. For the reasons set forth below, we reverse the Court of Appeals and remand for further proceedings in light of this opinion.

1. *Burden of proof.*

First, we hold that the Court of Appeals announced an improper burden-shifting evidentiary rule when a local school board is considering a student's claim of self-defense against a disciplinary charge for fighting. After properly noting that school disciplinary cases are civil matters, the Court of Appeals nevertheless relied upon criminal law for its conclusion that, once a student presents prima facie evidence to support a justification defense to disciplinary charges, the local school board is required to disprove the defense. *Henry County Bd. of Ed.*, 337 Ga. App. at 264-266 (2) (b). It is certainly true in criminal proceedings that, once a defendant presents sufficient evidence to raise a claim of self-defense, the State must disprove that defense beyond a reasonable doubt. See *Mosby v. State*, 300 Ga. 450, 451 (1) (796 SE2d 277) (2017). But a local school board disciplinary proceeding is a civil, and not a criminal, proceeding. Thus, while self-defense may be asserted as a defense to disciplinary charges, that does not change the rule that the burden of proof with respect to an affirmative defense in a civil case is upon the party asserting it. See OCGA § 24-14-1. See also *Dixon Dairy Farms, Inc. v. Conagra Feed Co.*, 239 Ga. App. 233, 234 (519 SE2d 729) (1999); *Bell v. Smith*, 227 Ga. App. 17, 18 (488 SE2d 91) (1997) (noting, by comparison, that in a criminal case the State must disprove a justification defense). We reject S. G.'s argument that the burden of proof rule applied in *Dixon* and *Bell* applies only to summary judgment in tort cases. The burden of proof set forth in OCGA § 24-14-1 has been applied, for example, to affirmative defenses asserted in workers' compensation proceedings[2]

---

[2] See *Hulbert v. Domino's Pizza, Inc.*, 239 Ga. App. 370, 373 (2) (521 SE2d 43) (1999).

and to the defense of accord and satisfaction in an action to recover a debt.[3] It also applies to school disciplinary proceedings.

The Court of Appeals has previously acknowledged that the burden of proof in a school disciplinary proceeding is different from that in a criminal proceeding. See *C. P. R. v. Henry County Bd. of Ed.*, 329 Ga. App. 57, 70 (4) (763 SE2d 725) (2014) (holding that a "no bill" to indictment for a criminal charge, or even an acquittal in a criminal trial, would not bar a student disciplinary proceeding for the same conduct because criminal proceedings have a more stringent burden of proof). In accordance with the general rule for the burden of proof in civil cases, when a student raises an affirmative defense in a school disciplinary proceeding, the student bears the burden of proving that defense. Unlike the burden of proof in a criminal case, the burden does not shift to the local board of education to refute the student's defense. Additionally, in accordance with the general rule for the standard of proof in civil cases, the student must establish an affirmative defense, for which she has the burden of proof, by a preponderance of the evidence, and not the criminal standard of beyond a reasonable doubt. Compare *Zwiren v. Thompson*, 276 Ga. 498, 499 (578 SE2d 862) (2003) (addressing the burden of proof in a civil medical malpractice case).

The Local Board has acknowledged that disciplinary proceedings are informal in nature and that pleadings and answers to accusations are not typically filed prior to the hearing. Apparently, students frequently are not represented by counsel at such hearings, and S. G. appeared without counsel at the initial hearing in her case. Consequently, unlike a defendant in an action governed by the Civil Practice Act, the accused in a student disciplinary proceeding is not required to raise an affirmative defense in a written response prior to the hearing. Practically speaking, the only avenue available for a student to raise self-defense to a disciplinary charge is to present evidence at the disciplinary hearing. The record demonstrates that self-defense was raised by S. G. at the hearing in this case by her own testimony, and the testimony of other witnesses and at least some of the evidence contained in the video recording supported her claim. No testimony was presented that refuted S. G.'s testimony. Additionally, S. G. expressly raised self-defense in her appeal to the Local Board. Although the Local Board is not required to speculate regarding all possible affirmative defenses that might be available to a student, regardless of whether they are expressly raised, by the same token

[3] See *Carpet Transport, Inc. v. TMS Ins. Agency, Inc.*, 165 Ga. App. 734, 735 (302 SE2d 421) (1983).

the use of "magic language" or legal terms, such as a direct reference to "self-defense," is not required in these informal proceedings. It is apparent from the record in this case that the Local Board was not left to make an assumption regarding S. G.'s defense to the charges since her testimony, which was supported by other evidence, clearly showed that she claimed self-defense, and she argued self-defense as a justification in her appearance before the Local Board. The assertion that S. G. failed to raise self-defense as a justification for her conduct is not supported by the record.

2. *Sufficiency of the proof of self-defense in this case.*

We now turn our attention to whether the Court of Appeals nevertheless properly reversed the ruling of the Local Board. The legislature has provided for the establishment of student disciplinary standards by local boards of education, as well as procedures for imposing suspension or expulsion upon a finding that a student has violated those standards after a disciplinary officer or a tribunal has conducted an evidentiary hearing. See the Public School Disciplinary Tribunal Act, OCGA § 20-2-750 et seq. On appeal of a student disciplinary decision, the appellate court reviews whether the record supports the initial decision of the local school board. See *Goldwire v. Clark*, 234 Ga. App. 579, 581 (1) (507 SE2d 209) (1998); see also *Chattooga County Bd. of Ed. v. Searels*, 302 Ga. App. 731, 732 (691 SE2d 629) (2010) (addressing appellate review of a teacher termination decision). The appellate court applies the any evidence standard of review to the local board's decision as to any factual issue. See *C. P. R. v. Henry County Bd. of Ed.*, supra, 329 Ga. App. at 62, 64-65 (1). It is the role of the local board of education to weigh the evidence and determine the credibility of witnesses, and not the appellate court. Id. at 67 (3). See also *Pace v. Turner*, 292 Ga. 520 (739 SE2d 384) (2013) (applying the any evidence standard of review in a civil matter that was tried by a judge). Under the any evidence standard of review, so long as evidence exists that supports the local board's decision, it should not be reversed on appeal unless the record shows the local board grossly abused its discretion or acted arbitrarily or contrary to law. See *Dukes-Walton v. Atlanta Independent School System*, 336 Ga. App. 175, 176 (784 SE2d 37) (2016); *Moulder v. Bartow County Bd. of Ed.*, 267 Ga. App. 339, 340 (599 SE2d 495) (2004) (reviewing courts apply the any evidence rule to local school board decisions and should not interfere with the decision unless the board grossly abused its discretion or acted arbitrarily or contrary to law).

As the Court of Appeals noted, an abuse of discretion would be present "if the Local Board misapplied the relevant law or if its rulings are not supported by the evidence." *Henry County Bd. of Ed. v. S. G.*, supra, 337 Ga. App. at 262. In this case, however, the record

does not reflect that the Local Board properly considered the evidence that S. G. acted in self-defense or that it properly applied the law regarding self-defense. As the Court of Appeals also noted, the facts recited by the hearing officer could support a finding that S. G. acted in self-defense. But because the findings indicate S. G. was found guilty "for being involved in a fight," and because self-defense is not addressed in the findings, we agree with the Court of Appeals that the record does not reflect whether the Local Board properly considered the self-defense evidence or, even if it did, whether it properly applied the law regarding self-defense. See *Henry County Bd. of Ed. v. S. G.*, supra, 337 Ga. App. at 266 (2) (b). The Court of Appeals, however, improperly made its own findings with respect to S. G.'s self-defense claim, and thereby exceeded the scope of the any evidence standard of review.

The statute that justifies, in certain circumstances, the use of force in self-defense is included in the Criminal Code (see OCGA § 16-3-21), and the Local Board asserted to the Court of Appeals that criminal self-defense standards do not apply to school disciplinary hearings. *Henry County Bd. of Ed. v. S. G.*, supra, 337 Ga. App. at 264 (2) (a). But the State Board of Education has recognized self-defense is available as an affirmative defense to disciplinary charges in a number of its decisions involving this same Local Board. See, e.g., *K. B. v. Henry County Bd. of Ed.*, State Board of Education Case No. 2014-43; *Q. W. v. Henry County Bd. of Ed.*, State Board of Education Case No. 2013-64; *T. P. v. Henry County Bd. of Ed.*, State Board of Education Case No. 2005-25. Switching its position after seeking certiorari review, the Local Board acknowledged in its argument to this Court that self-defense is a defense that may be raised in a disciplinary proceeding. Pursuant to OCGA § 16-3-21 (c): "Any rule, regulation, or policy of any agency of the state or any ordinance, resolution, rule, regulation, or policy of any county, municipality, or other political subdivision of the state which is in conflict with this Code section shall be null, void, and of no force and effect." As the Court of Appeals noted, local boards of education are political subdivisions of the state and are thus subject to this Code section. *Henry County Bd. of Ed. v. S. G.*, supra, 337 Ga. App. at 263 (1) (citing *Coffee County School Dist. v. Snipes*, 216 Ga. App. 293, 294 (454 SE2d 149) (1995)).

Though the Local Board now acknowledges that self-defense may be raised as an affirmative defense in student disciplinary proceedings, it argues for the first time on certiorari review that S. G. did not properly raise self-defense at the disciplinary hearing. The Local Board, however, acknowledges S. G. stated she was pushed before she punched the other student. At the hearing, after having

reviewed the video recording, the hearing officer characterized the other student as being "animated" as she walked up behind S. G., and noted that S. G. held up her hand as if to signal the other student to "Get out of my face," after which the other student stepped into S. G.'s space. Indeed, the undisputed testimony, supported by what is shown on the video recording, established that the other student pursued S. G. from the parking lot toward the front door of the school, and that S. G. stopped and did not move toward this student or strike her until after the other student stepped close to her. The hearing officer acknowledged at the hearing that after the two students were pulled apart, the other student came back toward S. G., and then the fight commenced again.

The Local Board is the trier of fact, and it is the role of the Local Board, and not the appellate court, to judge the credibility of witnesses and weigh the evidence. From the findings, however, this Court is unable to determine whether the Local Board actually considered the self-defense claim raised by S. G. (as its position on the issue has changed in its appellate arguments), or if it did consider S. G.'s claim of self-defense, whether it properly applied the law of self-defense when it rejected the evidence S. G. presented. For example, the written findings of the hearing officer states S. G. is guilty of violating the two student handbook rules for which she was charged as a result of "being involved in a fight on school grounds." The Local Board uses the same language in its written notification affirming the hearing officer's decision. But simply being involved in a fight is insufficient to constitute a disciplinary infraction if, as S. G. claims in this case, she acted in self-defense. Whether the Local Board considered her defense but rejected it is also not apparent since the findings state the other student "moved towards [S. G.]" before the fight broke out, and further state that once the initial fight was broken up, the other student again "walked toward [S. G.]" and the fight continued, and yet the Local Board argues that no evidence of self-defense was presented.

The Local Board also argues that even assuming evidence of self-defense was presented, it was insufficient to establish justification for S. G.'s acts. Relying on OCGA § 16-3-21 (a), the Local Board argues that for self-defense to be viable, the person asserting it must show she reasonably believed such force was necessary to defend herself against the other person's imminent use of unlawful force. Citing *Bowman v. State*,[4] the Board asserts the evidence does not support self-defense as a justification for S. G.'s conduct because the

---

[4] 222 Ga. App. 893, 897 (2) (476 SE2d 608) (1996).

record is devoid of evidence regarding her state of mind. But in *Bowman*, the defendant sought to present evidence regarding the dangerous environment of his neighborhood as evidence of justification for firing shots at uniformed police officers who entered his apartment to execute a search warrant after identifying themselves by announcing who they were and their reason for entering. The trial court properly excluded such general circumstantial evidence in the absence of evidence that the defendant had knowledge of these dangerous conditions and evidence of his reasonable belief that force was necessary to prevent harm to himself or others. Id. In S. G.'s disciplinary hearing, however, she did testify, and her undisputed testimony established her knowledge of rumors that she and the other student were "supposed to fight"; showed that even though she told the other student she had no problem with her, the other student pursued her and said, "Let's fight now"; and showed that even when S. G. stopped at a column, the other student dropped what she was carrying, came toward her, and lunged at her. This Court has held that a defendant's apprehension of imminent harm may be inferred from facts established by the testimony of others,[5] and certainly S. G.'s apprehension and reasonable belief that force was necessary to prevent harm to herself from the other student could reasonably be inferred from S. G.'s own testimony and the other supporting evidence in this case. This is not to say that the Local Board was required to find reasonable belief of the necessity to use force in this case. But it appears from the findings, and from the Local Board's appellate argument, that it failed to consider the record evidence of S. G.'s state of mind and whether that evidence established that she held a reasonable belief about the necessity of her actions.

The Local Board further argues that even if self-defense was properly raised, the evidence was insufficient to support the defense because S. G. did not present evidence to support the necessary showing that the force she used against the other student was not excessive. It is true that self-defense does not establish justification if the evidence demonstrates the accused used force that exceeded that which she reasonably believed to be necessary to defend herself from the victim. Under criminal law, "[a] person is justified in threatening or using force against another when and to the extent that he or she reasonably believes that such threat or force is necessary to defend himself or herself or a third person from such other's imminent use of unlawful force . . . ." OCGA § 16-3-21 (a). "This criminal statute supplies the basis of justification that a person who has committed a

---

[5] See *Lancaster v. State*, 250 Ga. 871, 872 (1) (301 SE2d 882) (1983).

battery may assert as a defense in a civil suit over the battery." *McNeil v. Parker*, 169 Ga. App. 756 (315 SE2d 270) (1984). Again, as the trier of fact in this proceeding, the Local Board was not required from the evidence presented to find that S. G. did not use excessive force in defending herself. Nevertheless, a review of the record shows that sufficient evidence was presented to create an issue of fact for the Local Board to consider with respect to the degree of force S. G. used in this case, and thus we reject the assertion that evidence was lacking with respect to this aspect of S. G.'s asserted defense. Instead, it appears the Local Board did not consider self-defense to be a defense available to S. G. and thus did not evaluate whether S. G. had met the evidentiary burden of establishing this defense.

The same analysis applies to the Local Board's assertion on appeal that sufficient evidence existed from which it could have found S. G. engaged in mutual combat with the other student, thereby negating her defense of self-defense. It does not appear that the Local Board adequately considered the evidence of justification presented in this case or that it considered whether that defense was negated by evidence of mutual combat. Simply because a student engages in a fight does not establish the student has violated a disciplinary rule prohibiting the "physical abuse" of others, nor does it establish the student has engaged in conduct that constitutes a misdemeanor under Georgia law. The record establishes only that a school resource officer charged S. G. with an unspecified misdemeanor. The record does not indicate S. G. was prosecuted and convicted on the charge. Simply because S. G. was charged with a misdemeanor arising out of this event does not establish that she engaged in conduct "that constitute[s] a misdemeanor under Georgia law," as specified in the student conduct code. Her conduct would not constitute a violation of Georgia law if it was justified as self-defense. As the Court of Appeals noted, Georgia's self-defense law does not require a person to retreat when the person reasonably believes she is at risk of harm from another's imminent use of unlawful force. See OCGA § 16-3-23.1. In other words, the law "[does] not require S. G. to be hit first before defending herself; nor was S. G. required to have lost the fight in order to claim self-defense. That an individual prevails in standing [her] ground against an aggressor does not make her actions unlawful." *Henry County Bd. of Ed. v. S. G.*, supra, 337 Ga. App. at 266 (2) (b). As the Court of Appeals held, that an individual engaged in a fight in response to the actions of another person that gave rise to a reasonable belief that force was necessary for self-protection does not mean that the individual was engaged in mutual combat.

Where the Court of Appeals veered off course was in substituting its own findings of fact instead of remanding the case to the Local

Board to apply the proper law to the record evidence and reach its own findings. Accordingly, we conclude the Court of Appeals did not reach the right result in this case despite its application of an improper burden of proof with respect to a student's self-defense claims, as discussed in Division 1 of this opinion. We reverse the Court of Appeals' decision and remand the case with direction that it remand the matter to the Superior Court with instructions to remand to the Local Board for further findings and conclusions after applying the appropriate law to the evidence in accordance with this opinion.

*Judgment reversed and case remanded with direction. Hines, C. J., Melton, P. J., Hunstein, Nahmias, Blackwell, Boggs, Grant, JJ., and Judge Robert M. Crawford concur. Peterson, J., disqualified.*

DECIDED AUGUST 28, 2017.

*Smith, Welch, Webb & White, A. J. Welch, Jr., Megan M. Pearson,* for appellant.

*Michael J. Tafelski, Lisa J. Krisher, Phyllis J. Holmen; Bondurant, Mixson & Elmore, Robert L. Ashe III,* for appellee.

*Glover & Davis, Nathan T. Lee; Smith, Welch, Webb & White, J. Byrd Garland; Reinhardt Whitley Summerlin & Pittman, Ross H. Pittman III; Timothy N. Shepherd; W. Kent Campbell; Harben, Hartley & Hawkins, Phillip L. Hartley, Brian C. Smith; Santana T. Flanigan; King & Spalding, Randall J. Butterfield, Chad A. Peterson; Angela M. Coggins; Sarah L. Gerwig-Moore; Randee J. Waldman; Jimmonique R. S. Rodgers, Brandon A. Bullard, James C. Bonner, Jr.,* amici curiae.