**FIRST DIVISION**
**BROWN, C. J.,**
**BARNES, P. J., and WATKINS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**March 9, 2026**

# In the Court of Appeals of Georgia

A25A2004. M. B. v. HENRY COUNTY BOARD OF EDUCATION.

BROWN, Chief Judge.

Following a student disciplinary hearing, a hearing officer found that M. B., a 9th-grade student at Excel Academy, an alternative school in Henry County, violated two provisions of the student handbook by "[a]ttempting to make inappropriate physical contact or action with school personnel or Physical Violence Against Personnel, No Physical Harm . . . [and] Terroristic Threats." The hearing officer imposed a long-term suspension from all Henry County schools, lasting from August 2, 2023 to December 20, 2023. M. B. unsuccessfully appealed the hearing officer's decision to the Henry County Board of Education (the "Local Board" or "appellee") and the State Board of Education (the "State Board"), arguing, in part, that his

disciplinary hearing had not been conducted in a timely manner pursuant to OCGA § 20-2-754 (b) (2).[1] M. B. appealed to the Superior Court of Henry County, which concluded that he had failed to preserve the timeliness issue because he did not raise it at the disciplinary hearing and affirmed the decision of the State Board upholding the suspension. This Court granted M. B.'s application for discretionary appeal of that order.[2] For the reasons discussed below, we vacate the Superior Court's order and remand this case for review by the Local Board.

As M. B. challenges only the timeliness of the disciplinary hearing under OCGA § 20-2-754, and not the factual basis that resulted in disciplinary action, the following summary includes only pertinent dates and facts. The incident occurred on May 3, 2023. Later that day, M. B. was transported to Metro YDC, where he remained until

---

[1] The version of the statute in effect at the time of hearing provided, in pertinent part, that "[a] disciplinary officer, panel, or tribunal of school officials . . . shall . . . ensure that: [t]he [disciplinary] hearing is held no later than ten school days after the beginning of the suspension unless the school system and parents or guardians mutually agree to an extension." OCGA § 20-2-754 (b) (2) (2004). The General Assembly amended OCGA § 20-2-754 effective July 1, 2024.

[2] We thank the Southern Poverty Law Center for its amicus brief.

May 5, 2023, when his ten-day out-of-school suspension began. On May 17, 2023,[3] the school notified M. B.'s foster care case manager, Jasmine Brownlee, a notice of suspension and disciplinary hearing indicating that a disciplinary hearing would be held on May 23, 2023.[4] On May 23, 2023, the school notified Brownlee that M. B.'s hearing was being rescheduled to May 31, 2023, because it conflicted with another hearing.

On May 31, 2023, Brownlee appeared at the disciplinary hearing with M. B. During the hearing, the following exchange took place between Brownlee and the school's representative:

> Brownlee: I did want to clarify that the incident took place on 5/3 correct?
>
> [School]: Uh-huh yes, ma'am.
>
> Brownlee: Okay, and you said you reached out and contacted me on 5/17.
>
> [School]: Yeah.

---

[3] According to M. B., the school's foster care liaison notified Brownlee via email on May 12, 2023, but there is nothing in the record to support this.

[4] At that time, Brownlee advised the school that M. B. would sign a waiver in lieu of proceeding with a hearing, but Brownlee later notified the school that M. B. had declined to waive the hearing.

Brownlee: Okay, so, um, 'cause I . . . I just want to know if I'm correct. Aren't we supposed to be notified of this within 10 days after the incident?

[School]: Right but I didn't know where he was and then I received a call from Sharif Muhammad concerning you wanting to do a waiver. 'Cause last I knew, he was in DFCS custody but we didn't know where.

Brownlee: Okay then.

As set forth above, at the close of the hearing, the hearing officer found that M. B. had violated two provisions of the student handbook and imposed a long-term suspension from all Henry County schools, lasting from August 2, 2023 to December 20, 2023. M. B. appealed to the Local Board, arguing, in part, that his disciplinary hearing had not been conducted in a timely manner pursuant to OCGA § 20-2-754 (b) (2). Specifically, M. B. argued that he was suspended on May 4, 2023; that the disciplinary hearing was initially scheduled 13 days after his suspension began; and that by the time Brownlee agreed to a continuance, the school district was already in violation of his rights because it had failed to schedule a hearing within the 10 days required by the statute. Following a hearing—and without addressing the timeliness

4

argument—the Local Board amended the hearing officer's decision, overturning one of the violations but upholding the other.

M. B. appealed the Local Board's decision to the State Board, again arguing, in part, that his due process rights were violated because the school failed to hold the disciplinary hearing "no later than ten school days after the beginning of [his] suspension." The State Board affirmed the Local Board's decision to uphold the suspension but rejected M. B.'s due process argument. In its decision, the State Board found, inter alia, that Brownlee neither opposed having the hearing after the ten-day deadline nor objected to the untimeliness of the proceeding at the May 31 hearing, and that the school "substantially complied" with OCGA § 20-2-754 (b) (2).[5] M. B. appealed to the Superior Court of Henry County, which concluded that he had failed to preserve the timeliness issue because he did not raise it at the disciplinary hearing and affirmed the decision of the State Board upholding the suspension. This appeal followed.

---

[5] To arrive at this conclusion, the State Board focused on several facts that do not appear to have been discussed, much less expressly found, by either the hearing officer or the Local Board.

1. M. B. contends that the Superior Court erred by finding that he failed to preserve the issue of the timeliness of the disciplinary hearing, pointing out that he properly preserved the issue by raising it during the hearing and in his brief to the Local Board. Because review of the Local Board's decision by an appellate body is governed by the any evidence standard of review, and the Local Board here did not make a factual finding on the issue of timeliness, we conclude that both the Superior Court and the State Board overstepped their authority in ruling on the issue.

The procedural framework applicable to student suspension or expulsion longer than ten days within Georgia public schools is governed by the Public School Disciplinary Tribunal Act, OCGA § 20-2-750 et seq. We outlined this framework in *C. P. R. v. Henry County Bd. of Educ.*, 329 Ga. App. 57 (763 SE2d 725) (2014), where we explained in detail the hearing and review process as follows: (1) step one provides for a disciplinary hearing before a hearing officer, panel, or tribunal of school officials appointed by the local board of education, which shall determine what if any disciplinary action shall be taken; (2) step two consists of review of that decision by the local board of education, "which is charged with reviewing the record from the disciplinary hearing and rendering a 'final' decision regarding whether and to what

extent a student should be disciplined"; (3) step three allows "[a]ny party aggrieved by a decision of the local board rendered on a contested issue after a hearing . . . the right to appeal therefrom to the State Board of Education"; and (4) step four allows a party to appeal the State Board's decision to the superior court of the county where the local board of education is situated. (Punctuation omitted.) Id. at 58-59, quoting OCGA §§ 20-2-754 (2004), 20-2-755, and 20-2-1160 (1999). Importantly, appellate review of the local board's decision as to any factual issue is the any evidence standard of review. See *Henry County Bd. of Educ. v. S. G.*, 301 Ga. 794, 798 (2) (804 SE2d 427) (2017). See also OCGA § 20-2-1160 (e) ("[n]either the state board nor the superior court shall consider any question in matters before the local board nor consider the matter de novo, and the review by the state board or the superior court shall be confined to the record"). Indeed, "[i]t is the role of the local board of education to weigh the evidence and determine the credibility of witnesses, and not the appellate court." *S. G.*, 301 Ga. at 798 (2). And, where an appellate body makes its own findings as to a student's claim in a disciplinary hearing, it exceeds the scope of the any evidence standard of review. See id. at 799, 802-803 (2) (the appellate court "veered off course [by] substituting its own findings of fact instead of remanding the case to

the Local Board to apply the proper law to the record evidence and reach its own findings").

Pretermitting whether M. B. raised the issue of timeliness at the disciplinary hearing, he properly raised it before the Local Board in his letter brief. See *C. P. R.*, 329 Ga. App. at 68 (3) (indicating that an issue is raised in the first instance at the disciplinary hearing or a ruling by the local board). But, the record does not reflect that the Local Board considered whether the timing of the disciplinary hearing complied with the requirements of OCGA § 20-2-754 (b) (2), an issue that requires consideration of the evidence and application of the statute to that evidence. See, e.g., *S. G.*, 301 Ga. at 800 (2) (finding the record unclear as to whether the local board considered student's self-defense claim, or if it did, whether it properly applied the law when it rejected the student's evidence). The State Board nonetheless proceeded to issue a ruling and implicitly make findings on the issue of timeliness. By so ruling, the State Board overstepped its authority and exceeded the scope of the any evidence standard of review. It follows that the Superior Court also exceeded the scope of its permissible review.

2. M. B. next contends that the Superior Court erred when it failed to confine its review to the record before the Local Board. Specifically, M. B. contends that the Superior Court committed reversible error when it affirmed the State Board's decision based on appellee's newly raised argument that M. B. waived his right to a timely hearing. Thus, according to M. B., appellee abandoned its waiver argument by failing to raise it before the Local Board or the State Board. Appellee in turn points out the irony of the situation, arguing that M. B. abandoned this argument by failing to raise it before the Superior Court. Our ruling in Division 1, supra, disposes of the need to address these contentions. We therefore vacate the Superior Court's order and remand the matter to the Superior Court with instructions to remand to the Local Board for further findings in accordance with this opinion. See, e.g., *S. G.*, 301 Ga. at 803 (2).

*Judgment vacated and case remanded with direction. Barnes, P. J., and Watkins, J., concur.*

9